John Patterson, Appellant, vs. B. B. Goodrich, Appellee — Appeal from Montgomery County.

Where an answer, though true, presents in law no defense to the action, it cannot afford a foundation for a judgment for the defendant, when the plaintiff, on his part, has shown a cause of action supported by proof. [4 Tex. 494; 19 Tex. 380.]

The tender of a deed to land by a party, when he had no title to the same, is not a performance of his covenant to make a good and sufficient title. This he could only do by conveying a good title.

A vendee of land is not bound to prepare and tender a deed for the signature of the vendor, nor to accept it when executed and tendered to him by the vendor, unless it conveyed as good a title to the land as the latter had covenanted to convey.

The appellant brought suit against the appellee for a breach of the condition of the bond of the latter to make title to the former to a certain tract of land.

The bond consists of a covenant for the payment of five thousand dollars, with a condition which recites that "the said B. B. Goodrich has this day sold unto John Patterson "a certain tract of land," of which it gives the description; that the latter had executed his note for the payment of the purchase money; and concludes with the following stipulation:

"Now, if the said John Patterson shall well and truly make prompt and certain payment of the said several notes or sums of money, unto the said B. B. Goodrich, at the time they fall due, in that case, the said Goodrich binds himself to make unto the said Patterson a good and sufficient title to the said land, and not otherwise, or pay the bond, as first above mentioned. Witness my hand and seal, this 14th day of September, 1839. (Signed) B. B. Goodrich."

The petition alleges that the plaintiff "did well and truly make prompt and certain payment of the said several notes

unto the said B. B. Goodrich;" but that the defendant had not made to the plaintiff a good and sufficient title to the land covenanted to be conveyed, although the same had been requested and demanded of him, but that, on the contrary, he had failed and refused so to do; by reason of which an action had accrued to the plaintiff, to have and recover of the defendant the said sum of five thousand dollars, etc., which the defendant had refused to pay, to the damage of the plaintiff, etc.

The defendant excepted to the petition; and answered, denying generally the allegations of the petition, and especially that he ever refused to make the title which, by the covenant contained in the condition of his bond, he undertook to make; alleging that, on the contrary, he "did execute and tender to the plaintiff a good and sufficient title, such as said covenant, and the laws of Texas at that time, contemplated," by a deed, which he makes an exhibit, and of which he avers he made to the plaintiff a tender, but which the latter refused to accept.

The answer contains other averments, which it is not necessary to mention, there having been no evidence respecting them, or notice subsequently taken of them.

At the trial, the plaintiff asked instructions, all of which were refused, or qualified, as follows:

1st. "That if the jury believed, from the evidence, that the defendant had no title to the land in question, a tender of a warranty deed, by the defendant, regularly executed, without having the legal or equitable title vested in him at the time he executed and tendered the deed, is not a sufficient tender in compliance with his covenant, in the condition of the bond, to make a good and sufficient title to the said land." (Refused.)

2d. "That if the jury believe, from the evidence, that the title to the land in question was vested in the heirs of John C. Goodrich, deceased, then it is necessary for the defendant to show that he is the heir of John C. Goodrich, or to exhibit proper conveyances from the heirs, before any title vested in him." (Refused.)

3d. "That if the jury believe, from the evidence, that B. B.

Goodrich, the defendant, had no title to the land called for in his bond, at the time of his tender of his deed, then the plaintiff was not bound to accept the deed." (Refused.)

4th. "That a vendee is not bound to accept a deed with warranty, when he holds a bond calling for a good and sufficient title, if the vendor has no title."

The 4th instruction the court gave, and qualified thus:

"This charge is given, but qualified by instructing the jury that it does not apply to such a case as the one before the court."

The following are certified as the agreed facts: That the plaintiff proved payment of the purchase money mentioned in the bond, according to the stipulation in that instrument, which is made a part of the statement of facts; that the plaintiff demanded the title, and threatened to sue if the defendant did not make title; and that the latter said he could not make title, because he did not have it. The defendant proved that he made a tender to the plaintiff of a deed (which is made a part of the statement of facts) before the institution of the suit. He also introduced a patent for the land, issued in the name of the heirs of John C. Goodrich, and a letter to him, marked " C," and which also is made a part of the statement of facts. This letter, however, is not embraced in the transcript, the clerk certifying that it had been mislaid. The deed mentioned in the statement is a deed purporting to convey a certain tract of land in Montgomery county, with a general warranty of title.

The cause was tried at the spring term, 1847. The exceptions to the petition were overruled, and there was a verdict for the defendant. The plaintiff thereupon moved for a new trial, upon the ground that the court erred in the instructions to the jury. Subsequently, there was an entry made that the motion for a new trial " be overruled, the court being restrained in the action by the issues presented in the pleadings." The defendant had judgment, and the plaintiff appealed.

FRANKLIN and WEBB for appellant.

It is shown affirmatively in the record that Goodrich had

neither the right to sell the land in question nor the ability to make a title to the same. Under such circumstances, the tender of a deed by him, though with warranty and regularly executed, was not a compliance with the covenants in his bond to make a good and sufficient title. [10 Johns. R. 266; 1 Blackf. 380; 2 Greenleaf, 22; 2 S. & R. 498; 1 Dana, 479; 1 S. & R. 45.]

The bond was executed while the civil law was in force, and in its construction must be governed by that law, and, according to its provisions, in whatever way and to whatever extent a man binds himself, he must remain bound. [L. 1, Tit. 1, Book 10, Noviss. Recop.; L. 2. Tit. 16, lib. 5, Recop.; Cayce vs. Curtis, Dallam's Dig.; 10 Mass. R. 459; 8 Mass. 22; 1 White's Recop. p. 191, sec. 36.] The bond was forfeited upon the failure of the defendant to make the title upon the payment of the last note on the 1st of June, 1841, and the plaintiff then had a right to sue; and the tender of a deed two years afterwards, even had the deed been good, would not have taken away from him that right.

The plaintiff was entitled to a verdict and judgment for the $5,000, not as a penalty, but as stipulated damages for the failure of the defendant to make a good and sufficient title.

GILLESPIE for appellee.

The only question is, whether a good warranty deed was tendered by Goodrich; such as he had bound himself to make. The record shows that such a deed was tendered. It was immaterial whether Goodrich had a title or not. The validity of his title was not put in issue. Patterson did not complain of any defect in the title of Goodrich. Had this been done, Goodrich would have been prepared on the trial to show its legality. The record shows that Patterson was enjoying the benefit of his purchase; that he had sold the land. He ought not to be permitted to enjoy the fruits of the contract and maintain this suit. If he disaffirms the contract, he ought to surrender his purchase. [3 Lou. R. 488; 5 id. pp. 16, 92, 115; 4 id. pp. 198, 92, 362; 7 Johns. R. 258.]

Patterson, having the custody of the bond, could not main-

tain a suit until he had tendered a deed for the signature of Goodrich.

Mr. Justice WHEELER, after stating the facts of the case, delivered the opinion of the court.

The defendant had covenanted to make to the plaintiff a good and sufficient title to the land in question. The breach assigned in the petition is, that he had failed and refused to make such title. The answer alleges that the defendant had made a good and sufficient title, such as by law he was required to make, by a deed which it sets out, and which, it avers, constitutes such a title. To this answer there was no replication or exception; and, from the reference to the "*issues presented by the pleadings*," made in the record of the judgment overruling the motion for a new trial, it is supposed that the ruling of the court may have proceeded upon the position that, as the plaintiff must be regarded as having joined issue upon the answer, its legal sufficiency was thereby admitted, and its truth being established, that is, the issue being proved in favor of the defendant, he was entitled to recover, without regard to the merits of the defense set up by the answer. That is, in effect, that if there is no replication or exception to the answer, and its truth is proved, judgment must go for the defendant, though the answer may have presented in law no defense to the action.

This is a question which we have heretofore had occasion to consider. We have decided that where the answer, though true, presents in law no defense to the action, it cannot afford a foundation for a judgment for the defendant, when the plaintiff, on his part, has shown a cause of action supported by proof. [Borden *vs*. The Republic, 2 Texas R.] It would be as repugnant to the sense of justice to permit an illegal or invalid defense to prevail against a legal and meritorious cause of action, merely because the plaintiff had omitted to accept, as it would be to permit a recovery to stand, for the same cause, when the foundation of the action had manifestly failed.

It was said, in argument, that the plaintiff had been placed in possession, and had sold the land in question, and is enjoy-

ing the benefit of his purchase. Such is not the case presented by the record before us. There is, in the statement of facts, or in the record, nothing to warrant this position.

The tender of a deed by the defendant, when he had no title, was not a performance of his covenant to make a good and sufficient title. This he could only do by conveying a good title. [4 Shep. 164; 2 Greenl. 22; 1 Blackf. 380; 10 Johns. R. 266; 5 Mass. 499.] And though it was not, perhaps, incumbent on the defendant to show that he had a title at the time of the tender of the deed [4 Pick. 179], yet, when the plaintiff had shown that he had no title, he had shown that which must repel the defense set up, of a compliance by the defendant with his undertaking. We are of the opinion that the plaintiff, being the vendee, was not bound to prepare and tender a deed for the signature of the defendant [5 Cowen, 506; 15 Pickering, 552], nor to accept it when executed and tendered to him by the defendant, unless it had conveyed a good title to the land which the latter had covenanted to convey.

We are of opinion, therefore, that the court erred in refusing the 1st, 2d and 3d instructions asked by the plaintiff, and in qualifying the 4th by denying its application to the case in evidence; and that, therefore, the judgment be reversed, and the cause remanded for a new trial.