Powell v. Davis.

J. M. R. W. POWELL AND OTHERS, v. JOHN. T. DAVIS.

On a claim for valuable improvements, a charge of the Court which takes from the jury the question, whether the improvements were made in good faith, or were of any permanency or value to the property, is clearly erroneous. In this case the defendant had judgment beyond the value of the use and occupation, and the judgment was reversed.

In order to lay the foundation for a claim to be reimbursed for valuable improvements made on land for which, or for the use and occupation of which, the defendant is sued, it is not sufficient to allege that defendant believed the land was vacant, without showing that he asserted or attempted to assert a claim of right by location, pre-emption or otherwise. In this case the defendant had judgment beyond the value of the use and occupation, and the judgment was reversed.

Failure to except to a pleading which manifestly discloses no right in the party, cannot entitle him to a recovery, nor to introduce evidence upon the trial, which does not conduce to any legal defence to the action, though it be in proof of his allegation.

Quere, whether a defendant in an action to recover land, who fails to claim the value of permanent improvements made by him in good faith, is precluded by the judgment from recovering their value in a separate action.

Appeal from Smith.    Tried below before the Hon. John. H. Reagan.

Suit commenced January 14th, 1856, by appellants against appellee, to recover two hundred and forty dollars for the use and occupation of sixty acres of improved land in the county of Smith, for the year 1855.    Plea by defendant, that on the —— day of —— A. D. 1854, plaintiffs instituted suit against him for the recovery of the same land and the value of the use and occupation thereof, in the District Court of the United States at Tyler, Texas, and on the —— day of —— A. D. 1855, recovered a judgment therein for the land, &c., which said recovery defendant pleads in bar of this suit.    Further plea that defendant entered upon said land in good faith, believing the same to be vacant, and at great labor and expense

Powell v. Davis.

made many lasting and valuable improvements thereon, to the value of three thousand dollars, which said same defendant pleads in reconvention, &c.

No exception by plaintiff to these pleas. The plaintiff gave in evidence the judgment referred to in defendant's answer ; it was simply for the land ; was dated April 16th, 1855 ; was by consent. It did not appear that defendant had claimed the value of his improvements in said suit. Plaintiff proved that defendant had cultivated and used some fifty acres of the land during the year 1855, subsequent to the said judgment, and that the rent or use was worth from three to three dollars and a half per acre per annum. Defendant then proved that he had placed improvements on the land which he had occupied previously to the said judgment, to the value of three hundred and sixty-one dollars and fifty cents. The plaintiffs objected to this evidence, on the ground that it did not appear that the improvements were made at plaintiffs' request, nor that they had been made in good faith, and on the ground that defendant was barred from recovering them, by the said judgment in the District Court of the United States. Objection overruled, and plaintiff excepted.

On this evidence the Court charged the jury as follows : You will first inquire as to the value of the rent of the land, and allow the plaintiff that amount. You will next inquire as to the value of the improvements put on the land by the defendant, and allow him that amount. You will then strike the difference between these two amounts, and give to the party having the largest amount, a verdict for the difference.

The plaintiffs excepted to the charge in general terms. Verdict and judgment for the defendant for $237. Motion for new trial overruled, &c.

*Henderson & Jones*, for appellants.

*Goodman*, for appellee. The defendant being sued for the

use of improvements made by himself, would have a right to claim remuneration for all improvements which added value to the land, even if he were a trespasser. (2 Monroe, 126 ; 9 Georgia, 440.) He was not bound to claim the pay for his improvements in the action of the plaintiffs to recover the land. (6 La. R. 566.)

If defendant believed he had a right to enter, and was ignorant of the better outstanding title, he was a trespasser in good faith, and entitled to pay for valuable improvements made by him. (1 Domat, 817, 683.) Good faith is always presumed until the contrary appears. (6 Mart. R. 566. See, also, 4 Mart. R. 557 ; 7 Sm. & M. 651 ; 1 Story R. 478 ; 2 Story Eq. Jur. Sec. 1 237 ; 3 Dana, 573 ; 3 Bland, Ch. R. 551.)

WHEELER, J. The charge of the Court is manifestly erroneous. It took from the jury the question of good faith ; it required them to allow the defendant pay for his improvements, whether they were made in good or bad faith, or were of any permanency or value to the property or not. It left nothing to the jury but merely the calculating of numbers ; a simple matter of addition and subtraction. It requires no argument to show that, in a legal point of view, the case might as well have been taken from the jury altogether, and the matter of calculation referred to the Clerk.

As the case must be remanded, it becomes material to notice the ruling of the Court upon the admissibility of evidence adduced to support the claim for improvements, as it involves questions which will probably arise upon another trial. The plea avers simply, that the defendant entered upon the land in good faith, believing it to be vacant, and that he made lasting, permanent and valuable improvements thereon, of the value of three thousand dollars ; which he claims in reconvention. It is evident that this plea does not contain sufficient substantive averments of fact to entitle the defendant to compensation for improvements. It does not aver that the de-

fendant entered under title, or claim of title or right. His "good faith" consisted, according to the plea, in believing the land to'be vacant; but it is not averred that he asserted or attempted to assert any claim of right by location, pre-emption or otherwise. It is too plain for discussion, that the mere belief that the land was vacant, cannot constitute such a possession in good faith as will entitle the party to maintain an action against the owner for compensation for improvements made upon the land. Repeated decisions of this Court have settled, that the failure to except to a pleading which manifestly discloses no right in the party, cannot entitle him to a recovery. (3 Tex. R. 335; 4 Id. 494.) Consequently, it cannot entitle a defendant to introduce evidence upon the trial, which does not conduce to establish any legal defense to the action, though it be in proof of his allegations. The evidence objected to, was to the effect simply, that the defendant had made improvements on the land; it was not proposed to prove that he was a possessor in good faith; nor was there any averment to let in proof of such possession. The evidence did not conduce to establish any ground of legal defense, or right to a recovery on the part of the defendant, and ought to have been excluded as irrelevant. (Beverly v. Burke, 9, Ga. 440.)

It is unnecessary at present to decide whether the defendant was precluded by the judgment in the action of trespass to try title, from setting up a claim for improvements in this action. If it should appear that he had made the claim in that action, and it had been adjudicated, it would certainly be a bar to a second action or plea for the same cause. But if he had been prevented from setting up the claim, it might be a question whether he should be held to be concluded. It has been held in Louisiana, that a possessor in good faith does not lose his right to be paid for improvements, by neglecting to pray for them in his answer to the petitory action. (Packwood v. Richardson, 1 Martin, N. S. 405; 6 new edit. 566.) If, how-

ever, the defendant is not precluded from going behind the judgment in the former suit, the right must be reciprocal, and the plaintiff ought also to be permitted to go behind it to claim compensation for use and occupation. This would be very inconvenient in practice. It is certainly the better practice for the defendant to assert his right in his answer to the action to try title. It avoids a multiplicity of suits, and enables the Court to do complete justice between the parties and put an end to the litigation at once. And it would seem as matter of practice, if not of principle, that, to entitle the defendant to go behind the judgment to assert a claim for improvements, he ought to show some sufficient excuse for his failure to claim them in his answer to the action. If such excuse be shown, it is not perceived that there is anything in principle which would deny his right afterwards to assert the claim, as the right to pay for improvements is not dependant wholly upon the Statute. (Saunders v. Roark, *supra*; Bridge v. Boyd, 1 Story, R. 478.) At present, however, we are not called on to do more than to pass upon the legal sufficiency of the claim as it is presented by the record. It will be time enough definitively to settle other questions affecting the rights of the parties, when the merits of their respective claims are before us. It is perfectly clear that the defendant did not make out a case, by averment or proof, which entitled him to maintain his cross action, or claim in reconvention, for pay for his improvements. The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.