## F. W. G. Von Diest v. San Antonio Traction Company.

### Decided November 25, 1903.

1.—Street Railway—Statute Construed—Fenders on Cars.

Statutes and ordinances must have a reasonable construction upon them, and not one repugnant to common sense. Though the ordinances of San Antonio, literally construed, might be read to require that electric street car companies shall keep fenders and motormen on trailer cars which have no motors, yet under our rule of construction that can not be the interpretation placed.

2.—Same—Personal Injury.

Evidence considered and held to support a verdict for the defendant company in an action for personal injuries.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*James Routledge, Selig Deutschman,* and *Harry Wurzbach,* for appellant.

*Houston Bros.* and *R. J. Boyle,* for appellee.

FLY, Associate Justice.—This is a personal injury suit instituted by appellant to recover damages alleged to have accrued through the negligence of appellee in suddenly starting its car when appellant was attempting to get on the same, and the failure of appellee to have a fender and a conductor and a motorman on the "trailer," as required by ordinance of the city. The verdict and judgment was in favor of appellee.

By a strong preponderance of the evidence it was shown that appellant was injured by attempting to board a car while it was moving. The car which he attempted to get on was a motor car to which was attached a car without a motor, known as a "trailer." Appellant missed his hold on the motor car and fell in the rear of it, and his arm was run over and crushed by the "trailer." No negligence was shown upon the part of appellee.

There was an allegation in the petition that appellee was negligent in not having a fender and a conductor and motorman on the trailer, which it is contended is required by the ordinances of the city of San Antonio. The court sustained exceptions to that portion of the petition. The ordinances referred to are as follows:

"Sec. 59. It shall be unlawful for any person, firm or corporation, or for any officer or employe of a corporation, to operate or run upon any public street, avenue, plaza or square, of the city of San Antonio, any street car unprovided with a car fender of the most improved design and construction.

"Sec. 15. Hereafter no electric car shall be propelled or operated within the limits of the city of San Antonio without having one conductor and one motorman thereon."

It is the contention of appellant that the language of the ordinances support the allegations of the petition, and that it is the duty of the

street railway company to have fenders and conductors and motormen, not only on motor cars, but on cars thereto attached that have no motors and that are dependant upon the motor car for power and motion.

It may be that a literal construction of the ordinances would give support to the contention, but statutes and ordinances must have a reasonable construction upon them, and not one repugnant to common sense. In the case of Russell v. Farquhar, 55 Texas, 355, the statute was under consideration which provides that no judgment or decree for the title to land or for the partition of land, shall be received in evidence unless recorded in the county in which the land is situated, and it was held that the statute was intended for the protection of bona fide purchasers and creditors, and had no reference to others. The Supreme Court said: "If courts were in all cases to be controlled in their construction of statutes by the mere literal meaning of the words in which they are couched, it might well be admitted that appellant's objection was well taken. But such is not the case. To be thus controlled, as has often been held, would be for courts in a blind effort to refrain from an interference with legislative authority by their failure to apply well established rules of construction to, in fact, abrogate their own power and usurp that of the Legislature, and cause the law to be held directly the contrary of that which the Legislature had in fact intended to enact. While it is for the Legislature to make the law, it is the duty of the courts to 'try out the right intendment' of statutes upon which they are called to pass, and by their proper construction to ascertain and enforce them according to their true intent. For it is this intent which constitutes and is in fact the law, and not the mere verbiage used by inadvertence or otherwise by the Legislature to express its intent, and to follow which would pervert that intent." This language is quoted and approved in McInery v. Galveston, 58 Texas, 334, and Edwards v. Morton, 92 Texas, 152.

The city council in passing the ordinance as to fenders had in view the protection of citizens from injury by cars propelled by electricity, and could not have contemplated that fenders should be placed on a car without the powers of locomotion within itself and which could only be carried along the street railway tracks by being coupled to a car provided with motor power. The object in having a conductor and motorman on a car, it is clear, was to procure the undivided attention of one man to the propulsion of the car in order that the safety of passengers and those using the street might not be endangered. To hold that the ordinance intended that a motorman should be put on a car that had no motor would be to render it absurd and ridiculous, and is a fine example of what positions courts would be led into by a literal construction of statutes in every instance. Whenever literalism becomes antagonistic to common sense and reason it must be set aside in judicial construction. If it can not be reasonably held that it was intended that a motorman should be placed on a car coupled on behind a motor car, why should it be held that it was intended that such car should be provided with a fender? In the very nature of things the "trailer" could not be the car

that would strike any person or other obstruction on the track, and there could be no object in having it provided with a fender to protect against dangers which could not arise. It will not be seriously contended that a fender was demanded by the ordinance to protect people who might fall down between the "trailer" and the motor. We think that, within the spirit of the ordinance, the two cars coupled constituted one car, and a fender on the front car and one conductor and motorman were all that was required by the ordinance.

In a trial amendment appellant alleged that if a fender had been provided for the "trailer" it would have prevented his injury, and if there had been a motorman and conductor on the second car that the cars could have been stopped in time to have prevented his injury. This pleading was not excepted to, but no evidence was introduced tending to show that appellant would not have sustained the same injuries had there been a fender and a conductor and motorman on the "trailer."

The question as to whether the conductor could have stopped the car and prevented the injury if he had been on the rear platform of the motor car or the front platform of the "trailer," could have been answered only by an opinion on the part of appellant and was properly excluded. The conductor swore that he tried to catch appellant as he fell, and at once gave the signal for an immediate stop and then applied the brake on the trailer. He swore that the car was stopped within fifteen feet. The whole testimony united to show that the conductor was on the front platform of the "trailer," and that he did all in his power to stop the car and prevent the accident. Appellant did not swear that the conductor was not on the platform of the "trailer," but simply that he did not see a conductor on either car.

The fourth and fifth assignments of error are without merit. The court correctly presented every issue in the case and did not err in refusing to give the special instructions asked by appellant. The only case presented by the pleadings and evidence of appellant was, that the car stopped in answer to his signal, and that while he was in the act of getting on it was suddenly started and he was thrown to the ground and injured. Appellee met the issue by pleading and proof that when the appellant attempted to get on the car it was moving and that he was precipitated through his own negligence to the ground between the cars. The court fully presented the case made out by the appellant, and then in effect told the jury that if they did not find that the facts sustained appellant's case they would find for appellee. Appellant desired another phase of the case than that made by his pleadings and evidence presented to the jury, and the court properly refused to present it. There was no evidence tending to prove that the car was moving slowly at the time he attempted to board it. He swore it had come to a full stop, the others swore that it did not "slow down" at all, but was moving at the rate of from three to five miles an hour.

The verdict is sustained by the evidence, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.