GARRETT et al. v. A. G. McADAMS LUMBER CO.

(Court of Civil Appeals of Texas. Amarillo. Nov. 15, 1913. On Motion for Rehearing, Jan. 17, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 81*)— SCHOOL BUILDINGS—CONTRACTORS' BONDS— PERSONS PROTECTED.

Where the contractors for a school building gave a bond, conditioned to promptly pay and discharge all indebtedness that might be incurred by the contractors, and to free the building of all mechanics' liens, a materialman is not entitled to sue on the bond, notwithstanding a provision that it was made for the use and benefit of all persons who might "become entitled to liens," for a school building is not subject to liens under the statute.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 195, 196, 340; Dec. Dig. § 81.*]

2. PLEADING (§ 408*)—PETITION—DEFECTS— WAIVER.

Where a petition shows on its face that no action can be maintained, the failure of the defendants to demur or except is not a waiver of the defect, which can be taken advantage of by answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1362, 1366; Dec. Dig. § 408.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 81*)— SCHOOL BUILDINGS—CONTRACTOR'S BOND— ACTION BY MATERIALMAN—CROSS-ACTION.

Where a contractor gave a bond to a school district conditioned to complete the building free from mechanics' liens, and a materialman sued the contractor, his bondsmen, and the school district, the school district can maintain no cross-action on the bond, for the materialman could not acquire a lien against the building.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 195, 196, 340; Dec. Dig. § 81.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 81*)— ATTORNEY'S FEES—ALLOWANCE.

Where a contractor, to erect a school building, gave a bond conditioned to keep the building free from mechanics' liens and a materialman, who could never acquire a lien upon the property, sued the contractor and the district, the district is not entitled to attorney's fees for defending the suit.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 195, 196, 340; Dec. Dig. § 81.*]

5. APPEAL AND ERROR (§ 1173*)—REVERSAL AS ONE OF SEVERAL PARTIES.

Where a materialman sued the contractor for a school building, the school district, and the contractor's surety, and judgment was rendered in favor of the materialman against all parties, the school district being given a judgment over against the contractor and his surety, and the surety a judgment over against their principal, the reversal of the judgment against the sureties carries with it the judgment against the school district, even though the district did not appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572, 4656; Dec. Dig. § 1173.*]

On Motion for Rehearing.

6. JUDGMENT (§ 533*)—CONSTRUCTION.

In an action by a materialman against the contractor for a school building, his surety, and the school district, a judgment, which on its face shows that the recovery in favor of the materialman was based on the bond and not upon the act of the district in accepting the contractor's order for part of the compensation, is an implied finding against that contention of the materialman.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 978, 983; Dec. Dig. § 533.*]

Appeal from District Court, Cottle County; Jo. A. P. Dickson, Judge.

Action by the A. G. McAdams Lumber Company against H. N. Garrett and others. From a judgment for plaintiff, and judgments over in favor of some of the defendants against others, defendants appeal. Affirmed in part and in part reversed and remanded.

John. B Howard, of Midland, and R. D. Browne, of Paducah, for appellants. Jos. H. Aynesworth, of Childress, and Jas. M. Whatley, and J. M. Hawkins, both of Paducah, for appellee.

HENDRICKS, J. The A. G. McAdams Lumber Company, a corporation, and the ap-

pellee in this court, brought suit in the district court of Cottle county, against Nugent & Bowns, building contractors, against the Common School District No. 1 of Cottle county, Tex., and the Board of Trustees, in their fiduciary capacity, and also against said trustees individually, and against H. N. Garrett, T. A. Fannin, W. H. Brunson, and H. M. Ramsey, the latter as sureties for the said Nugent & Bowns, upon a bond conditioned for the faithful performance of the said Nugent & Bowns in building a certain school building for the Common School District, and furnishing the lumber and materials therefor for that purpose.

[1] The district court, without the assistance of a jury, rendered judgment in favor of the McAdams Lumber Company for $1,-750.40, as follows: First, a general judgment against all of the defendants; and, second, a judgment in favor of the McAdams Lumber Company against the partnership of Nugent & Bowns, and the Common School District, and also against the sureties upon the bond of Nugent & Bowns, executed in favor of said Common School District, and another judgment in favor of the sureties against Nugent & Bowns, the principal obligors in the bond, and judgment in favor of the Common School District against Nugent & Bowns, and the sureties, Garrett, Fannin, Ramsey, and Brunson, "jointly and severally for any and all sums which it may have to pay in satisfaction of said judgment"; the court finding in favor of the school trustees as individuals against the plaintiff for the amount sued for. The following in the bond executed by Nugent & Bowns and these sureties in favor of the Common School District: "Know all men by these presents: That we, Nugent & Bowns, and W. H. Brunson, H. M. Ramsey, H. N. Garrett, T. A. Fannin, of the city of Midland, county of Midland, state of Texas, are held and firmly bound unto R. H. Foard as president of the school board of Cottle county and state, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of eight thousand dollars, lawful money of the United States of America, to be paid to the said R. H. Foard, and to said parties who may be entitled to liens, their executors, administrators, or assigns; for which payment well and truly to be made, we bind ourselves, one and each of our heirs, executors and administrators, jointly and severally, firmly. by these presents. Sealed with our seals; dated this 4th day of May, 1910. The condition of this obligation is such that if the above bounden Nugent & Bowns, *his* executors, administrators or assigns, shall in all things, stand to and abide by, and well and truly keep and perform the covenants, conditions and agreements in above-mentioned contract, entered into by and between the said Nugent & Bowns, and the said R. H. Foard, dated on the 30th day of April, 1910,

163 S.W.—21

for the construction of the work or works on the lot mentioned in the foregoing contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Nugent & Bowns, in carrying out the said contract, and complete the same free of all mechanics' liens, and shall truly keep and perform the covenants, conditions and agreements in said contract and in the within instrument contained in his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs including attorneys' fees in enforcing the payment and collections of any and all indebtedness incurred by the said Nugent and Bowns, in carrying out the said contract, then the above obligations shall be void; else to remain in full force and virtue. This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided and may be sued upon by them as if executed to them in proper person."

This character of bond, in fact, one of exact language involved in this record, was passed upon, with reference to the liability of the sureties for material furnished the contractor and principal obligor, in the case of Republic Guaranty & Surety Company v. William Cameron & Co., 143 S. W. 317, 318, 319. Chief Justice Wilson said: "There is language in the bond which, if considered alone, would indicate an intent of the parties thereby to secure the payment of any and all indebtedness, without reference to whether it was in favor of parties entitled to fix liens on the property or not, * * * incurred by Heck & Newlander, in carrying out their contract to construct the house. But we do not think this language should be permitted to control in the interpretation of the bond, for other language in the instrument clearly indicates that such was not the intention of the parties. The obligation of the bond, it will be noted, was to Cantwell (for whom the house was to be constructed), and 'to all persons who may become entitled to liens under' his (Cantwell's) contract with Heck & Newlander, and not to persons generally, to whom Heck & Newlander might become indebted in complying with their contract. And it also will be noted that the bond concludes with the declaration as to its purpose inconsistent with an intent to have it inure to the benefit of any creditors of Heck & Newlander, other than those who might become entitled to liens on the property. The declaration referred to is as follows: 'This bond is made for the benefit of all persons who may become entitled to liens under said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper persons.'" In the case here, the McAdams Lumber Company occupy the same position of William Cameron & Co., in the

case cited; the Common School District occupies the same position as Cantwell, who in that case was having the house constructed, and Heck & Newlander, who were the contractors, and with the Surety Company, are occupying, respectively, the same position as Nugent & Bowns, the contractors, and the sureties who are the appellants here. The property of Cantwell in that case constituted his homestead, and there could be no lien upon the property. In this case the school building for the Common School District, by inhibition of law, could not have a lien fastened upon it. There is no privity of contract in this case between the McAdams Lumber Company and the Common School District or the sureties upon the bond. The bond does not inure to the benefit of simple contract creditors, and its conditions are not broken unless liens are fastened upon the property. Hence the petition of the McAdams Lumber Company, in so far as its allegations are concerned against the sureties upon this bond, clearly predicating this suit upon contract and bond, and, there being no right of subrogation or any privity of contract between it and the bondsmen, fails to show a cause of action against said sureties.

[2] It is the law of this state that as to a condition of this kind, when the foundation of the action has manifestly failed, the omission even of a party to except to the pleadings of his antagonist will not permit a judgment upon a petition which discloses such an entire want of any proper element of recovery. You may admit the verity of every fact asserted in the petition; however, a demurrer would not be waived. Borden et al. v. Houston, 2 Tex. 595; Powell v. Davis, 19 Tex. 380; Patterson v. Goodrich, 3 Tex. 331, and other later cases which it will be unnecessary to cite.

[3] The appellee has asserted that the question of the failure of the petition to show cause of action is not raised in limine, and is interposed only by an answer to the merits. This is immaterial where we are concerned with substance and not form. The appellee sues upon an open account for material furnished the original contractors, but is unable, of course, to charge a lien upon the property. It also sues upon an order given by Nugent & Bowns, in its favor, against the Common School District, which was accepted by the trustees, but repudiated, it seems, by the county judge, who was superintendent of the school district, and the trustees afterwards paid the money reserved by it, that is, 20 per cent. of the contract price, to Nugent, one of the partners, and with reference to which the sureties were in no wise concerned. The Common School District also sued Nugent & Bowns and the sureties, praying for recovery against the latter, and in the event of a judgment against it upon the bond and the contract, without the semblance of a ground of recovery, in so far as the Mc-

Adams Lumber Company's demand is concerned. Demurrers should have been sustained to that part of the cross-action of the Common School District against these sureties, as there could be no recovery by it against them, with reference to the McAdams matter, for the reason that a breach of the bond or contract could not, by any process, be construed in favor of a simple contract creditor.

[4] We do not think that these sureties are liable for attorney's fees in favor of the Common School District, in defending a suit in which they are in no wise interested, or at least should not be in contemplation of law, and the only possible recovery that could exist in favor of said Common School District against said sureties is the $5 a day penalty, on account of the delayed completion and delivery of the building, and then the cross-action of the second district in that matter should be reframed in conformity with the contract. The school district in this court moving to strike the statement of facts from the record, because it did not participate in its preparation or agree to the same, and the statement of facts having been filed late, that motion will have to be sustained to that extent only. The McAdams Lumber Company, through its counsel, agreed in open court that as to it the statement of facts could stay in the files. We will say, however, we have not resorted to the statement of facts for the purpose of revising this cause, for the reason that this cause is reversed and remanded, and should be in favor of the sureties against the McAdams Lumber Company, and the Common School District, on the pleadings, with instructions that, if they are the same upon another trial, to render a judgment in their favor.

[5] This matter arises upon the transcript. There being a general judgment against all the defendants, and as all the rights of the McAdams Lumber Company against the Common School District can only be measured by the contract, the reversal of the judgment as to the sureties carries with it a reversal as to all the parties. Willie v. Thomas, 22 Tex. 175, and cases cited therein. The judgment against Nugent and Nugent & Bowns, the partnership, for the lumber, which is separate from the written contract and bond, is, however, ordered affirmed in favor of the McAdams Lumber Company.

Affirmed in part, and reversed and remanded in part.

## On Motion for Rehearing.

The appellee, the McAdams Lumber Company, among other things, especially insists that this court erred in reversing and remanding the cause in favor of the Common School District, for the reason that it did not appeal, neither did it assign error in this court, and for the further reason that it predicated its recovery against the Common

School District upon two counts in its petition: First, that the contract and the bond executed by Nugent & Bowns, the contractors, and their sureties, inured to the benefit of the Common School District; and, second, that the Common School District was bound upon an order and an acceptance executed by Nugent & Bowns for the amount of the debt in favor of the McAdams Lumber Company, for material furnished, and specifically urging that a general judgment having been rendered against the Common School District, that its cause of action, particularly upon such order and acceptance, should stand. We said, in the original opinion in this cause: "There being a general judgment against all of the defendants, and as all the rights of the McAdams Lumber Company against the Common School District can only be measured by the contract, the reversal of the judgment as to the sureties carries with it a reversal as to all the parties." This language should be applied to, and be taken in connection with, the character of judgment which was rendered against all the defendants, including the Common School District; after rendering judgment in favor of the McAdams Lumber Company against the Common School District, it then provides: "It is further ordered, adjudged, and decreed that the defendant Common School District No. 1 of Cottle county, Tex., do have and recover over and against the said Nugent & Bowns, a copartnership composed of W. P. L. Nugent and B. Bowns, and (against) H. N. Garrett, T. A. Fannin, H. M. Ramsey, and W. H. Brunson (sureties), jointly and severally for any and all sums which it may have paid in satisfaction of said judgment aforesaid."

[6] Clearly, the judgment shows that the court, in rendering judgment in favor of the McAdams Lumber Company against the Common School District, based the same entirely upon the bond and contract executed by Nugent & Bowns, and the sureties, to the Common School District; that the McAdams Lumber Company, upon some theory, was a beneficiary of said bond. The court would not have rendered a judgment in favor of the McAdams Lumber Company against the Common School District, based upon the order and acceptance, and then rendered a judgment in favor of the Common School District against the sureties upon the bond. The liability of Nugent & Bowns upon the assignment of any part of the fund in the hands of the trustees of the Common School District was upon a different contract and independent of the liability upon the bond. Hence, if the judgment upon the face of it shows that the recovery against the Common School District, in favor of the McAdams Lumber Company, was based upon the bond and not upon the acceptance, then under the authorities there is in reality an implied finding by the court against a recovery in favor of the lumber company upon the acceptance. The expression of one thing is the exclusion of the other.

The Supreme Court of this state, in the case of Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77, the syllabus of which we quote as properly reflecting the opinion as to the particular matter under discussion, said: "Where the pleadings in a (former) suit put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, it is prima facie an adjudication that he was not entitled to recover upon such other cause." Chief Justice Gaines, in the case of Davies v. Thompson, 92 Tex. 391, 49 S. W. 215, followed Justice Denman, who rendered the decision in the Rackley-Fowlkes Case, in a declaration of the same principle, and which we are inclined to think is applicable to the cause under consideration. The appellee says in his second counter proposition under the fourth assignment of error in his original brief: "This suit was not brought by the defendant school district, but was brought wholly and solely by the plaintiff against the said several bondsmen and the school district jointly and severally, and the plaintiff's rights are based, first, upon the bond, and, second, upon the O. K.'d order for the amount of the bill," etc. The trial court, evidently upon this construction, upon some theory of liability upon the bond, permitted a judgment based upon a joint and several liability in favor of the McAdams Lumber Company and against the Common School District and the sureties— first, a judgment upon the bond sued upon in the first count of plaintiff's petition, and then, in favor of the school district against the sureties upon the same bond. If that be true, an adjudication of the liability of the Common School District on the bond, upon the authority of the two cases, supra, is prima facie an adjudication that the McAdams Lumber Company was not entitled to recover upon the acceptance; hence, when we reverse the judgment of the McAdams Lumber Company against the sureties upon the bond, a reversal as to one defendant with reference to this bond operates a reversal as to all, because the character of the judgment, logically considered, shows that it could not have been based upon the acceptance. McRea v. McWilliams, 58 Tex. 334.

The sufficiency of the petition upon general demurrer, against the school district, grounded upon the order and acceptance, and the sufficiency of the evidence in the stricken statement of facts, in view of another trial, to support a judgment upon said acceptance, are not before us, and we are unable to discuss it. It is true that to that extent there is no assignment, the Common School District not appealing or objecting; as to that matter, there is no predicate upon which we could base a discussion. What we say with reference to the rights of the Mc-

Adams Lumber Company is called for by its insistence that a reversal of the sureties with reference to this bond could not operate as a reversal of the cause in favor of the Common School District.

We are inclined to think that our former disposition of this cause was correct, and the motion for rehearing is in all things overruled.