# J. E. JONES ET. AL. VS. H. B. FORD.

## SUPREME COURT, TYLER TERM, 1883.

*Action— Misjoinder.*—It is no misjoinder of actions to seek a recovery upon a moneyed demand in a suit for the recovery of real estate, where the several causes of action grew out of the same transaction and were so intimately blended with each other that it was almost impossible to have a complete settlement of one without involving a consideration of the others.

*Challenge.*—See this case for facts which do not show such antagonism between co-defendants as to entitle each to six peremptory challenges.

*Verdict.*—When a finding of a jury, under the the issues submitted to them, could not possibly have been arrived at without also finding another fact not expressed but necessarily implied in the verdict, judgment can be rendered as if that fact had been positively found.

*Taxing Costs--Practice.*—The matter of taxing costs is left largely in the discretion of the District Court. If, in the opinion of a party, this discretion has been improperly exercised, it is his duty to call it to the attention of the judge below by motion, or otherwise, and not until such application has been refused can he complain in this court of the manner in which the costs have been adjudged or apportioned.

Appeal from Harrison County.

*H. McKay, William Stedman and John T. Pierce* for appellants. *James Turner and T. P. Young* for appellee.

### STATEMENT.

The case, as made in the court below, was in substance about this : Appellee sued appellant Jones to recover four certain houses, and lots in the city of Marshal, and also the appellants, Van Hook & Son, to remove a cloud from said property by reason of a certain lien claimed thereon by them.

The appellee and appellant Jones entered into a contract by which the latter was to errect four tenement houses on the lots in question including outhouses, fences, wells, etc., for which appellee obligated himself to pay said appellant $4250; afterward, by a verbal agreement between appellee and appellant Jones, an additional room was to be added to each of said houses, for which appellee obligated himself to pay said appellant the further sum of $500. Jones obligated himself to finish the first one of said houses April 10, another April 25, and another May 15, and the last June 10, 1881.

After having finished three of these said houses, but finding himself unable to complete the fourth with the balance due him, Jones ceased work, and thereupon Ford went on and completed the work,

and brought this suit to recover the first three houses as above set out.

Plaintiff claimed the balance also from Jones as paid by the former (over and above the contract price) in completing the contract.

Van Hook & Son, who had furnished sash, hardware, etc., in the erection of the buildings, had recorded their lien in the proper manner.

Appellee claimed to have overpaid Jones for the work done, and that, therefore, the lien of Van Hook & Son recorded after said full payment was lost.

A general demurrer to plaintiff's petition was made and overruled, and upon the trial judgment was rendered for appellee.

Upon impanneling the jury a list containing twenty-four names was handed appellants and appellee. Appellants insisted that they each had the right to six challenges, but the court denied them this privilege. With this statement the opinion will be better understood.

Opinion by Willie, C. J.

The appellant, Jones, insists that his general demurrer to appellee's pleadings should have been sustained. 1. Because it was a misjoinder of actions to seek a recovery upon a moneyed demand in a suit for the possession of real estate. 2. Because it was a misjoinder of parties to include such a suit against himself, with a suit against his co-defendant to cancel a lien claimed by the latter upon the property, the possession of which was in controversy.

Waiving all question as to appellant's rights to raise the objections on general demurrer, we hold that there was no misjoinder because the several causes of action grew out of the same transaction, and were so intimately blended with each other that it was almost impossible to have a complete settlement of one without involving a consideration of the others.

Jones claimed that he was entitled to possession of the property because Ford had not fully paid the contract price for constructing buildings upon it. Ford claimed that he had not only fully paid Jones but had also paid others for work, etc., which Jones was under contract bound to perform. For these reasons he claimed the right to possess the premises and to recover money from Jones on the very account, and in the very transaction in which the latter claimed it from him.

If the suit had been for possession only, and the defendant had set up that there was a balance due him under the contract, and that it was to secure this balance that he held the premises, the appellee could have replied that there was no balance due, but that defendant had been overpiad, and claimed a judgment for the surplus. Why could he not anticipate the defense and set up in advance such matter, and pray for such judgment as he was entitled to under the facts?

The court could not determine the right to the possession until it ascertained how the account stood between the parties, and in doing so was authorized to strike the balance in favor of the party entitled to it, and grant him a recovery against the other.

Van Hook's claim was a cloud upon appellee's title, and an obstacle to his holding possession in security. The lien claimed by Van Hook, if it existed at all, grew out of the fact that it had been fixed under the mechanics' lien law. If a lien had not been thus secured appellee was entitled to have all the claim to it concluded. To determine this fact it was proper and necessary that Van Hook should be brought into the cause so that he could assert his lien, if just; or, if not, that all claim to it should be forever quieted. We think the demurrer was properly overruled.

As to the second assignment of error it is sufficient to say that there was no antagonism between the two defendants in the court below. Jones sought no judgment against Van Hook, nor Van Hook against him. Neither sought to assist the plaintiff in his recovery against the other, but the success of either, as against the plaintiff, would have enured in some degree to the benefit of the other. A recovery by Jones would have developed the fact that there was money subject to the payment of his co-defendant's recorded account. A verdict in favor of Van Hook for the value of the material furnished by him would have relieved Jones from a debt which was hanging over him.

Whilst we do not undertake to decide that there may not be cases where the antagonism between co-plaintiffs and co-defendants may not be such as to entitle each to challenge peremptorily six jurors of the panel submitted to them, we do hold that this is not such a case. The interests of the defendants were so nearly identical as to make them, in fact, constitute but one party in the sense in which that term is used in our jury law, and we are not disposed to revise the

discretion exercised by the court below in permitting them to challenge only six of the jurors placed upon the panel.

Under the third, fourth, fifth and sixth assignments of error it is urged that the verdict of the jury was insufficient to warrant the judgment rendered against the appellee, Jones. This cannot be sustained if we consider the verdict in connection with the pleadings, the charge of the court, and the attitude of the case at the time the judgment was rendered.

The pleadings of the parties showed that the principal obstacle in the way of Ford's obtaining possession of his property was the unpaid balance which Jones claimed from him under the contract. If no such balance existed, or the indebtedness was against Jones, appellee was entitled to recover possession as against the appellant Jones.

The judge below viewed the matter in this light before the jury, and instructed them if they should find for the plaintiff they should return their verdict in precisely the form it was rendered by them. The effect of the charge was that if the plaintiff was entitled to the relief he sought, which relief was the possession of the premises and the judgment against Jones for the money due him, then they should find in the plaintiff's favor the amount of money due him from Jones. As they responded in the language he had give them, for a full finding in favor of appellee, their intention could be none other than a determination of the right of possession in favor of Ford.

This court has heretofore held that when a finding of a jury, under the issue submitted to them, could not possibly have been arrived at without also finding another fact, not expressed, but necessarily implied, in the verdict, judgment could be rendered as if that fact had been positively found. [Pearce vs. Bell, 21 Tex., 691; Day vs. Cross, 2 Texas Law Reporter, p. 213.]

Under the pleadings in this case, and the charge of the court, if Ford owed nothing for the construction of the houses upon the lots mentioned in the pleadings, he was entitled to recover them. Any verdict of the jury, therefore, that negatived such indebtedness, and especially that found it to be in his favor, included a finding that he was entitled to the possession of the property.

As to the rents in the possession of the receiver, these were funds in the custody of the court and subject to its control. The jury had nothing directly to pass upon in reference to them, but indirectly

determined what should be done with them in finding its verdict in favor of Ford. If Jones was indebted to Ford at the commencement of the suit, and in no wise entitled to retain the premises, he had no interest in the rents accruing *pendante lite*, and the court correctly directed the money to be paid to the appellee.

In reference to the depositions of Miss Armstrong it is sufficient to say that the objections raised to them went to the manner and form of taking and returning them into court, and should have been reduced to writing, filed, and notice of them should have been given as provided by the statute in such cases. Moreover, it appears from the statement of facts that the appellants knew that the person named in the interrogatories, notice and commission, was identical with the person whose depositions were taken, and hence were not in the least prejudiced by the mistake made in the first name of the witness.

The court did not err in refusing the charge asked by appellants. This charge assumed that appellee (Ford) had taken possession of the houses in which the sash, etc., furnished by Van Hook had not been placed. The proof is clear that he had not been in possession of them, but was trying to obtain such possession by this very suit.

Moreover, there is no proof that Ford knew of any arrangement, or contract, between Parks and Van Hook as to the purchase of these articles. In order to establish the ratification by a principal of an unauthorized act of his agent, full knowledge on the part of the principal of such acts, at the time of such supposed ratification, must be proved. Commercial Bank vs. Jones, 18 Tex., 812. No such knowledge is found in this case. All the knowledge on the subject shown by the proof was that these articles were put in the houses in pursuance of the contract between Jones and Ford, and under that contract the latter was by no means bound to pay for them when the fact of their purchase was made known to him after he had paid the contract in full.

It is necessary to notice the point as to the conflicting testimony. There is no such preponderance either way as would justify us in disturbing a verdict rendered for either of the parties on that ground.

The matter of taxing costs is left largely in the discretion of the District Court. If, in the opinion of a party, this discretion has been improperly exercised, it is his duty to call it to the attention of the

judge below by motion, or otherwise, and not until such application has been refused can he complain in this court of the manner in which the costs have been adjudged or apportioned.

There is no error in the judgment and it is affirmed.