M. & E. J. Iglehart v. A. Downs.

In this case the judgment was reversed on the ground that the verdict was contrary to the evidence, on a question of title to a yoke of oxen, one of the parties claiming by purchase from A, and the other from A's son.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

Suit in a Justice's Court, by appellee against appellants, for a yoke of oxen or their value. Trial by jury ; verdict and judgment for plaintiff. Certiorari by defendants. Plaintiff claimed by purchase from Lavassa, January, 1854 ; and Lavassa claimed by purchase from Edward Peters in the summer or Fall of 1852. Defendants claimed by purchase from William Peters, the father of Edward Peters, in the Spring of 1852. The evidence as to the original ownership was, that in the Fall of 1851, Edward Peters drove his father's team from Freestone county to Houston ; that in Grimes county he found himself unable to proceed without more oxen ; that he applied to one Files for oxen, and offered to pay for them in leather belonging to his father, which was sent with him for sale ; that he told Files it was his father's instructions to give the leather for oxen ; that Files refused the leather because it was worthless, that Peters, the son, then promised to pay for the oxen on his return, and Files let him have the oxen, which are the oxen in controversy ; that on his return he was unable to pay for them ; that he still had the leather, and left it with Files to be sold, and proceeds to be applied to payment for the oxen ; that in the whole transaction Edward Peters was professing to act for his father. Files was examined as a witness, but he was not asked and did not state whether he had been paid for

the oxen or not. The plaintiff proved a short possession of the oxen in 1854, which was determined by defendant's coming and taking the oxen away. He also proved by Lavassa (whom he released) a possession of two or three weeks by Lavassa in 1852, but that he, Lavassa, went to Louisiana, and when he returned the oxen were gone, and he did not see them until January, 1854. The defendants proved by John Iglehart that the oxen were in possession of Iglehart and Howard, in the Spring of 1852, and that they passed during same Spring into the possession of the defendants, and continued in their possession, being occasionally on the range for a short time, until the winter of 1853 and 1854, when they had driven them off into the range. Edward Peters, the father, in answer to interrogatories in writing, stated in answer to one, that he had not sold the oxen to Iglehart and Howard ; but in answer to another, whether he had not agreed with them in the Spring of 1852, that if they could find the oxen, they should have them, the value of them to be credited on a note Iglehart & Howard held against him, he replied that he did. It did not appear what the price was. The father was present when the son sold the oxen to Lavassa, and encouraged the sale.

The charge of the Court fairly submitted to the jury, whether the oxen had belonged to Edward Peters or William Peters, and if to the latter, whether they were sold to Iglehart & Howard by the latter, before they were sold to Lavassa by the former, with the consent of the latter.

The jury found for the plaintiff ; judgment ; motion for new trial overruled, &c.

*J. E. Cravens,* for appellants.

*Horrell* and *Ward,* for appellee.

RoBERTS, J. There is no such error in the charge and rulings of the Court, upon the law, (if there be any at all,) as to

cause a reversal of the judgment. The material question is— Did the Court err in overruling the motion for a new trial? Both parties prove facts which would constitute a good title to the oxen. Whose title was the oldest is the real point of controversy. On most other parts of the case there is a conflict of testimony. On this there is none. It is shown that Howard & Iglehart, through whom appellants derive title, were in possession of the oxen in the Spring of 1852, under an agreement of sale from William Peters, the father ; and that Lavassa, through whom appellee derives title, got possession of the oxen by purchase from Edward Peters, the son, made with the assent of the father, in the summer or Fall of 1852. The facts show quite clearly, that the oxen were bought by the son for the father and while acting for him, and that the father was expected to pay for them, and most probably did pay for them with his leather. This conclusion is much strengthened by the fact that the father merely disclaims property in the oxen, without the least effort to explain how they happened to belong to his son, when all the ostensible facts of the transaction, that could readily be known by others, together with the fact of his trading them off himself, show that the oxen belonged to him, the father.

The right of appellants is prior in point of time to that of appellee, and should have prevailed over it, under the law and charge of the Court, if the jury credited the uncontradicted statements of John Iglehart and Lavassa on the subject of the time of the respective purchasers. There is nothing to throw suspicion upon the evidence of either of them. Upon this point alone we think the Court should have granted the motion for a new trial.

Reversed and remanded.