Pearce v. Bell.

WILLIAM PEARCE v. A. J. BELL.

A party's right to amend his petition, notwithstanding an attachment has issued on it, is well established.

A verdict which is deficient in not expressly finding one of the issues in the case, may be aided by the pleadings, so as to supply by intendment that which is not expressed in it, but which necessarily follows from that which is expressed, viewed in connection with the pleadings.

Error from Harrison. Tried below before Hon. John Gregg.

Suit by defendant in error to recover a debt due him by plaintiff in error, secured by mortgages. The petition was sworn to, and an attachment sued out. Subsequently defendant in error amended his petition without swearing to the amendment. This the plaintiff in error moved to strike out, which the Court refused to do. The pleadings, verdict, and judgment, upon which questions arose, are given substantially in the Opinion. The transcript contained no statement of facts or bill of exceptions.

There was a verdict and judgment for the defendant in error.

*G. McKay*, for plaintiff in error. I. The Court erred in not striking out the amendment. Hartley's Digest, (Art. 795,) provides that no original writ or process, whereby the property of any citizen of this State shall be ordered to be seized or taken into custody, shall be issued, &c., unless the party applying for such writ or process, shall first make affidavit in writing of the truth of the matter set forth in his or her petition, &c. This Court, in Watts *et al.* v. Harding, (5 Tex. R. 386,) held that the petition might contain all the requisites of an affidavit, and be sworn to. The petition then is, or may

be the affidavit required by the Statute. The question then presents itself, can an affidavit be amended, without the amendment being sworn to? Certainly it cannot. Our Statute places attachments, injunctions, and all other original writs or process upon the same footing, and requires them all to be sworn to. An affidavit cannot be amended, without reswearing. (1 Tidd's Practice, 496.)

If, then, our Statute places all original writs, as regards the affidavit, upon the same footing, the law applicable to one is also applicable to another; if amendments to bills of injunction, and petitions for mandamus, are to be sworn to, the same is true as to attachments. And to show that amendments to all such writs, when permitted at all, must be sworn to, the following authorities are cited: (1 Dan.'s Chan. Pl. & Pr. by Perkins, 469, note; 1 Paige's Ch. R. 424; 1 John. Ch. R. 434; 13 Johns. 127; Eldridge v. Robinson, 4 Serg. & Rawle's R.; 4 Durn. & East. R. 689; 5 Id. 552; Dallam's Dig. 601.)

II. The next error apparent on the record, is the judgment of the Court ordering the mortgaged property to be sold to satisfy the debt, the same not being found subject to the debt by the verdict of the jury. The verdict of the jury must be responsive to the issue. (Kesler v. Zimmerschitte, 1 Tex. R. 50.) It is the duty of the jury to find the very points in issue. (Hardy v. DeLeon, 5 Tex. R. 211.) In this case there were two distinct issues submitted to the jury; that is, they were required to find the amount of the debt, and also whether the mortgaged property was subject to the payment of that debt. The verdict was not sufficient to constitute a basis for the judgment rendered upon it by the Court. If the verdict had been general, as for instance: "We the jury find for the plaintiff," the case would be materially altered; but such was not the case; the verdict is responsive to only one of the issues, they find only the debt; and the presumption is, if the jury had believed the negroes were subject, they would have so found.

Vol. XXI. 45

*P. Murrah*, for defendant in error. I. The verdict ought to be construed liberally, and so as to meet the issues, and to sustain the judgment. The security was but an incident to the debt, and ought, if possible, to be sustained so as to secure the debt. (Simmons v. Rardon, 9 Ga. R. 543 ; 4 Dana, 272 ; 14 Ga. R. 692-3-4 ; Mays v. Lewis, 4 Tex. R. 38.) The facts must be looked to in construing the verdict.

II. As the jury found the existence of the instruments, and this they did do, for they were the only evidence of the indebtedness, they found the existence of the mortgages, and the finding the mortgages to exist, is equivalent to saying in the verdict, that the negroes were subject to the debt. The mortgages could mean nothing else, and the legal import follows the finding, that such mortgages existed. To have said in the verdict, that the negroes were subject to the payment of the debt, under the facts presented in this record, would have been no stronger than the finding of the existence of the morgages, for the negroes being subject is only a conclusion from the existence of the mortgages.

ROBERTS, J. The right of the plaintiff below, who is defendant in error, to amend his petition in an action for a debt and foreclosure of mortgage, notwithstanding an attachment issued in it, is too clear and well established to require any exposition.

The point which presents any difficulty is, whether the judgment foreclosing the mortgage was authorised by the verdict, which is in these words : " We, the jury, find for the plaintiff the sum of fifteen hundred and thirteen dollars." ·

The suit was founded on one note and two mortgages on the same negroes. The larger debt of the two was secured by a mortgage alone without a note. The general denial was .. pleaded, (without being sworn to,) and also a plea in reconvention. There was no motion in arrest of or to correct the

judgment, or notice of appeal. And there is here no statement of facts or bill of exceptions. This finding of the jury, under the issue, could not possibly have been arrived at without also finding that the mortgage, securing the larger portion of the debt, had been executed. For this debt was evidenced only by the mortgage. As to the smaller debt, both the note and the mortgage were made part of the petition by being attached to and exhibited as part thereof. They could not therefore have been objected to in evidence, on account of any variance. (Greenwood v. Anderson, 8 Tex. R. 225; Peters v. Crittenden, Id. 131.) Under the issue, there could have been no proof that these instruments were not executed, as charged in the petition; for the plea was not sworn to. (Hart. Dig., Art. 741.)

By looking into the pleadings, then, it is manifest beyond a doubt, that the jury passed upon the mortgages, as well as on the note, and must have equally found in favor of the plaintiff upon them as for his debt.

The question of law is, shall the verdict—deficient in not expressly finding one of the issues in the case—receive the benefit of the light thus reflected upon it by the pleadings, so as to supply by intendment, that which is not expressed in it, but which necessarily follows from that which is expressed, viewed in connection with the pleadings?

The affirmation of this proposition has been uniformly maintained by the rulings of this Court. (Galbreath v. Atkinson, 15 Tex. R. 24; Avery v. Avery, 12 Id. 57; Moke v. Fellman, 17 Id. 368; Parker v. Leman, 10 Id. 116; James v. Wilson. 7 Id. 232.)

Numerous decisions might be collected from other States in support of this rule.

In a case in Georgia the jury found a verdict in "favor of Henrietta G. Randon, (formerly Henrietta G. Ogletree,) in her own right and for her own use," &c., in a suit by her husband

and herself, to recover slaves, claimed by them in right of the wife. The marriage of the plaintiffs was put in issue, as well as their right to the property, and it was objected to the verdict that it did not find one of the issues. But the Court say, that the shape of the verdict, indicating the right of the wife to the slaves as her separate property, and styling her Henrietta G. Randon, (formerly Henrietta G. Ogletree,) showed that the jury did pass upon the issue of marriage, and find it in favor of plaintiffs. (Simmons *et al.* v. Randon and Wife, 9 Ga. R. 545 ; see also Beckwith *et al.* v. Carlton & Co., 14 Id. 692 ; Pickett v. Richett, 2 Bibb, 178.)

It is the duty of parties to superintend the entry of judgments. Applications to correct a judgment, so as to make it conform to the verdict, or to set aside a verdict because it did not find the issues or found them defectively, should be entertained with much more favor in the Court below than in this.

Judgment affirmed.