## J. J. WOODSON v. COLLINS & DOUGLAS.

(Case No. 1404.)

1. JUDGMENT — WHEN A LIEN.— The provisions of the Revised Statutes making judgments operate as liens from the date of their record, considered in connection with section 5 of the final title of the Revised Statutes, are held to be prospective in their operation. A judgment rendered before the adoption of the Revised Statutes, though only affirmed on appeal after that adoption, was not required to be recorded in order to preserve its lien.

2. SAME — EFFECT OF APPEAL.— When a party suing for a debt, and claiming also a vendor's lien, obtains judgment for the debt, and appeals from that judgment because of the failure to allow the lien claimed, such appeal suspends the right to issue execution. The judgment lien is not extinguished by the failure to issue execution,

nor by the appeal; but, on the affirmance of the judgment, relates back to the original judgment.

3. NOTICE — RECORD — POSSESSION.— Continuous possession by a vendee, in person or by tenants, is notice equivalent to record of his deed.

4. FRAUDULENT CONVEYANCE — EVIDENCE OF.— Under such a state of facts as is presented in this case, it was error to find the conveyance from father to son fraudulent.

APPEAL from Houston. Tried below before the Hon. John R. Kennard.

In addition to the facts stated in the opinion, the following evidence was given as bearing on the question of fraud: E. Currie, Sr., testified that he conveyed his interest in the tract in question to his son, November 1, 1876; the consideration being that the son should pay a debt due from the father; that the son was in possession at the time of the conveyance from Currie, Sr., to Currie, Jr., and so remained up to the time when the latter sold it to Hail and Woodson; that the consideration was fully paid, and the deed signed and delivered by E. Currie, Sr., to E. Currie, Jr.   The testimony of the latter agreed substantially with the above, and no attempt to impeach the testimony of either appears to have been made.   Douglas, one of the defendants, testified that he had no notice, at the time of the purchase under sheriff's sale, of the conveyance from father to son, but that he made no inquiry concerning such conveyance.   The testimony of Miller was to the effect that E. Currie, Jr., offered to sell the land in question to him, but that he was afraid of the lien of the Collins judgment, and so expressed himself; that neither father or son offered to show him the deed; that E. Currie, Sr., disclaimed any interest in the land, but said he would make a deed.   There was some testimony as to the insolvency of Dr. Currie in 1877, 1878 and 1879. J. E. Downes testified that in 1877 and 1878, Dr. Currie transferred his interest in the rents on his place; that he paid a portion of the rent to E. Currie, Jr., and that the

father objected to his having done so, but the witness did not know what land the rent came from.

*J. R. Burnett,* for appellant.

*Nunn & Williams,* for appellee.

I. The appeal by the plaintiff, as executrix in the case of Collins *v.* Currie, from the judgment in her favor for the debt, but against her as to her claim for the enforcement of vendor's lien, operated to suspend the judgment until the filing of the mandate from this court in the district court, and prevented the judgment from becoming dormant on losing its lien. Butler *v.* Davis, 52 Tex., 74; Williams *v.* Pouns, 48 Tex., 145; Ledbetter *v.* Burns, 42 Tex., 510; Griffin *v.* Wakelee, id., 516; Black *v.* Epperson, 40 Tex., 180.

II. The provision of the Revised Statutes could not be so construed as to divest a lien vested prior to their passage, and enforced by execution and sale within a year after filing of the mandate. R. S., p. 718, sec. 5; id., art. 3190; 12 Wis., 67; 1 Oregon, 119.

III. The evidence warranted the conclusion that the deed from E. Currie, Sr., to his son, E. Currie, Jr., had no existence prior to the judgment under which appellees claimed, and was invented for the purpose of evading its operation.

IV. The acts and declarations of the grantor and grantee — the Curries — subsequent to the assumed date of the deed between them, and before the deed to appellant, do tend very strongly to prove either of two propositions, viz.: that the deed was not made at the date it bore and not until after the judgment; or that, being so made, it was merely colorable and not treated by the parties themselves as of any force; so strongly that they warranted the court in finding against the validity of the deed. Hancock *v.* Horan, 15 Tex., 507; Wright *v.* Linn, 16 Tex., 42, 43.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by Woodson against Collins & Douglas to remove cloud from title to one hundred acres of land. The appellees disclaimed as to three-eighths of the land, and made a cross-claim to the residue.

The cause was tried by the court, and a judgment was rendered in favor of the appellant for three-eighths of the land described in the petition, and for the appellees for the remainder; and a partition was ordered, and from that judgment this appeal was prosecuted.

The appellant claimed title to the land through a conveyance made by E. Currie, Sr., to E. Currie, Jr., which purported to have been executed on the 1st of November, 1876, which was not recorded until the 7th of August, 1880.

The appellees claimed through a sale made under a judgment for money, recovered in the district court of the county in which the land was situated, rendered on the 16th day of November, 1877, in favor of Mrs. Collins as executrix of the will of T. P. Collins, deceased, in a suit brought by her against E. Currie, Sr., upon a promissory note, and to enforce a vendor's lien upon the land in controversy, as well as other land of which the land in controversy formerly constituted a part.

The court trying that cause refused to establish and enforce the vendor's lien, and from that judgment the executrix appealed to this court, and the cause remained here on appeal until the 9th of March, 1880, when it was affirmed. The mandate of this court was filed in the district court on the 9th of August, 1880, and an execution issued in the case on the 18th of September of same year, and was levied on the land in controversy, and it was sold thereunder; and under that sale the appellees claim five-eighths of the land, the other three-eighths having vested in appellant under his purchase from E. Currie, Jr., who had title thereto by inheritance and from a deceased sister.

Neither the judgment of the district court nor of this court was ever recorded.

The appellant seeks a reversal upon the ground that the judgment under which the appellees claim did not give a lien upon five-eighths of the land; and upon the further ground that, if otherwise, the judgment would have given a lien upon the land; that Currie, Sr., sold and conveyed the land to E. Currie, Jr., under whom appellant claims, prior to the rendition of the judgment, for a valuable consideration and for a lawful purpose, and that of such sale the appellees and all other persons had notice at the time the judgment was rendered in favor of Collins, executrix, against E. Currie, Sr.

The court below held that the judgment against E. Currie, Sr., gave a lien upon five-eighths of the land, and we are of the opinion that such ruling was correct.

The appeal perfected by E. M. Collins, executrix, in November, 1877, suspended her right to issue an execution, even though there was only a contest over her right to have established and enforced a vendor's lien; for the judgment was an entirety.

By the appeal jurisdiction vested in this court; and while the same continued the executrix was not required to issue an execution to preserve the judgment lien. An execution issued under such circumstances would have been exceedingly irregular, if not void. 3 Tex., 26; Freeman on Judgments, 382.

There may be cases in which matters affected by a judgment may be so far severable that an appeal will not prevent the issuance of process from the district court to enforce some part of a judgment, but the present is not such a case.

Under the law in force at the time the judgment in question was rendered, it was not necessary to record the judgment to give the lien (2 Pasch. Dig., 7005); but it is contended that, as the Revised Statutes were in force

when the judgment of this court was rendered affirming the judgment, that it was necessary to record the judgment to give the lien.

It is true that the judgment of this court affirming the judgment of the district court was rendered after the adoption of the Revised Statutes, and that by the provisions of title LXI, chapter 1 of the same, record of a judgment is made necessary to give a judgment lien; but it is not believed that the law last referred to controls the question in this case.

The appeal from the judgment rendered by the district court in 1877 did not divest the judgment lien given by the law then in force; it simply suspended the enforcement pending the appeal; and upon the affirmance of the judgment the lien related back to the original judgment. Such a lien was property and could not have been divested by an arbitrary exercise of legislative power.

To hold that such was the legislative intention would be to do violence to the well recognized rule of construction, which is that laws are to be held only to have a prospective effect unless there is a contrary intent clearly manifested in the act. No such intent is manifested in the act under which it is claimed that the judgment lien did not exist, because the judgment was not recorded; but upon the contrary, section 5 of the final title of the Revised Statutes expressly protects rights acquired under former laws.

That section provides: " That the repeal of any statute, or any portion thereof, by the preceding section, shall not affect or impair any act done, or right vested or accrued, or any proceeding, suit or prosecution had or commenced in any cause before such repeal shall take effect; but any such act done, or right vested or accrued, or proceeding, suit or prosecution had or commenced, shall remain in full force and effect to all intents or purposes as if such statute or part thereof so repealed had re-

mained in force, except that when the course of practice or procedure for the enforcement of such right, or the conducting of such proceedings, suit or prosecution shall be changed, the same shall be conducted as near as may be in accordance with the Revised Statutes."

Under the constitution the legislature would have power to regulate judgment liens acquired prior to the adoption of such regulating statute, and even to require liens which had been acquired through judgments to be recorded within a reasonable time; for this would be but ordinary legislation affecting the remedy and not affecting the right.

When, however, a right has been once acquired, no act not clearly required by law is necessary to be done to preserve such right; and in the absence of a statute requiring judgments rendered before the adoption of the Revised Statutes to be recorded in order to preserve judgment liens, such record is not necessary.

To have rendered the judgment which was rendered in this cause the court must have held not only that the judgment rendered in favor of Collins, executrix, gave lien upon five-eighths of the land described in the petition, but must have also held that the conveyance made by E. Currie, Sr., to E. Currie, Jr., was fraudulent, or that the appellees had no notice of the same prior to or at the time of the rendition of the judgment in favor of Collins, executrix, against Currie, Sr.

We have examined the evidence carefully and find nothing which indicates that the deed to E. Currie was not made at the time it bears date, for a full and valuable consideration.

The testimony of the two Curries in regard to the matters bearing upon this question is clear and unequivocal, and the facts which preceded the sale, and the subsequent payment of the note to Woodson, strongly corroborates their testimony; opposed to this is nothing

inconsistent, even if we were to disregard the joint relationship of the parties to the property prior to the sale by the father to the son.

The evidence shows that at the time E. Currie, Sr., made the deed to E. Currie, Jr., the latter was in possession of the land, and that he so uninterruptedly continued by himself or tenants until he sold to the appellant.

Such possession was notice to the appellees and all o ther persons; and existing at the time the judgment in favor of Collins, executrix, against E. Currie, Sr., was rendered, and continuing uninterruptedly until the date and record of the deed from E. Currie, Jr., to appellant, was as effective as notice as would have been the record of the deed from E. Currie, Sr., to E. Currie, Jr.

The assignments of error clearly raise the question of the insufficiency of the evidence to sustain the judgment; and while a case will not be reversed for the reason that this court might have come to a conclusion different to that reached by the court below upon the evidence, yet in a case in which it clearly appears that a judgment is without sufficient evidence to support it, the judgment will be reversed. 28 Tex., 185; 4 Tex., 465; 23 Tex., 77; 19 Tex., 243.

We regard this as such a case; and for the error of the court below in holding that the evidence was insufficient to show that the conveyance from E. Currie, Sr., to E. Currie, Jr., was not valid, or that the appellees had no notice thereof, the judgment of the district court is reversed and the cause is remanded.

REVERSED AND REMANDED.

[Opinion delivered January 31, 1882.]