Opinion delivered May 4, 1888.

## No. 5998.

## D. B. GLENDENNING ET AL *v.* W. J. BELL.

1. NOTICE—LIEN—PURCHASER.—The possession of land by a purchaser through his tenant, though his deed is unrecorded, operates as notice of the purchaser's rights to a creditor in whose favor a levy is made of an execution on the property. The purchaser under such execution who has actual notice of such deed at the execution sale, can not be an innocent purchaser, as he would be if the creditor had acquired the lien secured by levy unaffected by the constructive notice resulting from the possession of the tenant.

APPEAL from Cooke. Tried below before the Hon. F. E. Piner.

*Sarles & Green,* for appellant: Notice of the title given by possession is equivalent to the constructive notice afforded by registration. (Walker v. Edwards, 23 Texas, 443; Nullins v. Wimberly, 50 Texas, 457; Woodson v. Collins & Douglass, 56 Texas, 175; Wethered v. Boone, 17 Texas, 146; Wade on Notice, second edition, secs. 276, 279, 285, 286; 4 Kent's Com., 179, 180. 48 Illinois, 371; 88 Illinois, 378; Jackson v. Post, 15 Wend., foot page, 975; Jackson v. Post, 9 Cowen, foot page, 588; Jackson v. Sharp, 9 Johnson, 163, and note; Tuttle v. Jackson, 6 Wend., 213, 225.)

Continuous possession by a vendee in person, or by tenant, is notice equivalent to record of deed. (Wade on Notice, second edition, sec. 286; Hawley v. Bullock, 29 Texas, 222; Woodson v. Collins & Douglas, 56 Texas, 174, 175; 23 Texas, 443.)

*Stewart, Bailey & Harris,* for appellee:  An execution lien will hold good as against an unrecorded conveyance previously made to a third party by the judgment debtor, and if such lien was secured without notice, the purchaser at a sale made thereunder will be protected in his title, whether he have knowledge of the unrecorded instrument at the time of his purchase or not.  (McCamey v. Thorp, 61 Texas, 648, 651; Parker and wife, v. Coop, 60 Texas, 111; Grimes v. Hobson, 46 Texas, 416; Mainwaring v. Templeman, 51 Texas, 205.)

When possession of a tenant is relied on to charge a subsequent lien holder with notice of a prior unrecorded conveyance it must be shown that the tenant was the apparent tenant of, and, in fact, attorned to the vendee under such conveyance, and not to the vendor.  (Eylar v. Eylar, 60 Texas, 316; Smith et al. v. Miller et al., 63 Texas, 74; Wethered v. Boone, 17 Texas, 147, 148; Mainwaring v. Templeman, 51 Texas, 206; Smith v. Yule, 31 Cal., 181, 184, 185; Wright v. Wood, 25 Penn. State, 120; 1 Story's Equity, sec. 399 and note; 2 Pomeroy's Equity, sec. 620 and note; Wade on Notice, secs. 290, 299 et seq.)

The burden of proof was on appellants to show by evidence so clear and unequivocal as to raise a presumption of fraud in appellee, that he purchased with notice.  (Wethered v. Boone, 17 Texas, 147, 148; Mainwaring v. Templeman, 51 Texas, 206.)

Inadequacy of price, not coupled with some irregularity in the sale will not alone defeat an execution sale against any one, not even an execution debtor; *a fortiori*, it will not defeat the sale as against one who claims in opposition to both the execution creditor and debtor, and who was the cause of the inadequacy.  (Ayres v. Duprey, 27 Texas, 594; Hawley v. Bullock, 29 Texas, 217.)

STAYTON, CHIEF JUSTICE.  This action was brought by appellee to recover a part of a lot in the town of Gainesville.  V. C. Holland formerly owned the property, but he conveyed it to appellants by a deed delivered on October 20, 1885, which, however, was not filed for record until March 15, 1886.  That this conveyance was made in good faith and upon valuable consideration, is not questioned.  A judgment was secured against Holland in a justice's court on February 22, 1886, on which an execution issued March 9, 1886.  That was levied on the property in controversy on March 11, and it was sold and bought by the appellee on April 6 following, and the officer executed a deed to

him. At the sale notice of the right of appellants was given. At the time the levy was made and at the time of the sale through which the appellee claims, the property was occupied by a tenant holding under the appellants, who had entered after their purchase. The notice given at the sale would not protect the appellants' rights, but there is no fact shown which would prevent the possession of the tenant of appellants from operating as notice to appellees and to the creditor of Holland of their right at the time the levy was made. The general rule is that the possession of a tenant operates as notice of whatever right the landlord has, as fully as would his own possession. (Mainwaring v. Templeman, 51 Texas, 213; Watkins v. Edwards, 23 Texas, 449; Hawley v. Bullock, 29 Texas, 224; Woodson v. Collins, 56 Texas, 175.)

The creditor of Holland, under whose execution appellee bought, having notice of the appellants' rights before his execution was levied, and the appellee having notice before he bought, the latter can not be held to be an innocent purchaser, nor can he be protected as he would be entitled to be if the creditor of Holland had acquired a lien on the property by his levy without notice of the right or claim of appellants.

The judgment should have been for appellants, and it will be reversed and here so rendered. It is so ordered.

*Reversed and rendered.*