PETRA DAVIES ET AL. v. P. W. THOMSON ET AL.

No. 728.   Decided January 23, 1899.

1.   Judgment—Two Causes—Recovery on One.

Where upon pleadings putting in issue plaintiff's right to recover on two causes of action the judgment awards him a recovery upon one, but is silent as to the other, it is prima facie an adjudication that he was not entitled to recover upon such other cause.  Rackley v. Fowlkes, 89 Texas, 613.   (P. 395.)

2.   Same—Final Judgment.

Plaintiffs sued the heirs and administrator of D. for an undivided one-half interest in all the estate of D., real and personal, alleging that it was partnership property of D. and their ancestor T., and had verdict and judgment for $14,000.  Such judgment disposed of their entire claim, whether to realty or personalty, and was a final judgment which would support an appeal.  (Pp. 393, 395.)

Questions certified from the Court of Civil Appeals for the Fourth District, in an appeal from Maverick County.

*J. R. Sanford, J. M. Goggin,* and *H. C. Carter,* for appellants.—It is seen that there are a number of distinct issues raised by the pleadings: first, on the part of plaintiffs, the recovery of the personal property which was described; second, the recovery of the real estate which was described, and a partition of this property was sought; third, the recovery of a money demand; fourth, the defendants' answer sought to have title to the real and personal property declared to be in them; and fifth, a recovery of a money judgment from plaintiffs. The jury returned a verdict which simply found for the plaintiffs in the sum of $14,000. On this verdict the judgment was given against defendants for that amount; the decree failing to make any disposition of the land, personal property, or the affirmative relief which was sought by defendants. The judgment simply followed the verdict. Tested by the well established rule that a judgment to be final must dispose of every issue raised by the pleadings, the judgment falls far short of being final. See authorities cited under article 1337, 1 Sayles' Statutes, 1897, and also the citations in 2 Buckler's Digest, on pages 261, 262.

. An examination of the following authorities demonstrates that no final judgment has been entered in this case: Moore v. Moore, 67 Texas, 293; Michon v. Ayalla, 84 Texas, 685; Bank v. Vander Stucken, 37 S. W. Rep., 170; Dodd v. Gaines, 82 Texas, 429, and citations; Linn v. Arambould, 55 Texas, 611; Caldwell v. Bryan, 37 S. W. Rep., 335.

And again, it has been directly decided that a judgment is not final which fails to dispose of a cross-bill or other affirmative relief sought by the answer. Railway v. Stephenson, 26 S. W. Rep., 236; Clopton v. Herring, 26 S. W. Rep., 1104; Anderson v. Webb, 44 Texas, 147; Railway v. Railway, 75 Texas, 82.

*Winchester Kelso* and *Turney & Burgess,* for appellees.—As the jury could not, under the evidence or the charge of the court, have found for plaintiffs for any interest in the land, it seems that the rule announced in Jones v. Ford, 60 Texas, 127; Harkey v. Cain, 69 Texas, 146; Railway v. James, 73 Texas, 12; Pearce v. Bell, 21 Texas, 688, and Hardy v. De Leon, 5 Texas, 211, to the effect that where the finding of a jury, under the issue submitted to them, could not possibly have been arrived at without also finding another fact not expressed, but necessarily included in the verdict, judgment will be rendered as if that fact had been positively found, should obtain. The verdict in this case, it seems, in effect awards the land to the defendants as fully as if it had expressly done so.

GAINES, Chief Justice.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"In the above styled and numbered cause pending on appeal in the Court of Civil Appeals of the Fourth Supreme Judicial District, a question of law arises which the court directs me to certify to your honorable court for determination, which question is as follows:

"The District Judge's charge, verdict, and judgment were as follows:

" 'Gentlemen of the Jury: In this case the plaintiffs, claiming to be the sole heirs of Janet E. Thomson, deceased, bring suit against the defendants, who are alleged to be respectively the sole heirs and sole administrator of E. K. Davies, deceased, seeking to recover from the defendants an equal undivided one-half of all the real and personal property held and controlled by E. K. Davies in Maverick County, Texas, at the time of his death, and an undivided one-half of all the increase and gains of said property since the death of said Davies, and an undivided one-half of all the money received for the sales of any of said property since the death of said Davies. Plaintiffs claim that the property sued for is the result of a business arrangement whereby it is claimed that certain sheep, equal in value to those at the time owned by E. K. Davies, were placed in the possession of the said Davies, with the agreement on his part that all of said property should be united into one fund and managed by the said Davies for the mutual benefit of himself and the said Janet E. Thomson; the expenses thereof to be equally borne and the profits equally divided between them.

" 'Plaintiffs allege that this arrangement continued from the time it is alleged to have been entered into until the death of E. K. Davies, and claim that they are entitled to an equal undivided one-half of all the real and personal property now in the possession of the defendant, John J. Burke, as administrator of the estate of said E. K. Davies, deceased, claiming that said property is the result of said joint enterprise, and the investment of the proceeds thereof, and the court charges the jury as follows:

" 'If the jury believes that plaintiffs have proven by a preponderance of the evidence that Janet E. Thomson is dead, and left no will, and that plaintiff, Patrick W. Thomson, is her surviving husband, and that the plaintiffs, Walter, Mary, and Kenneth Thomson, are the sole issue of said Janet E. Thomson and Patrick W. Thomson, and that on or about the time alleged in the petition a business arrangement was entered into by the said Janet E. Thomson with one E. K. Davies, or with said Davies by Patrick W. Thomson, acting for said Janet E. Thomson, whereby sheep equal in value to those then owned by E. K. Davies were delivered into the possession of said Davies for the purpose of uniting said sheep with those of the said Davies, and thereafter constituting the same into a joint enterprise or fund, to be managed and controlled by the said Davies, and in which the expenses and losses were to be equally borne and paid by the said Janet E. Thomson and the said Davies; and the profits, gains, and increase thereof, if any, were to be owned and shared equally between the said persons; and that said arrangement, if there was one, was continued by the said Davies continuously from the time it was en-

tered into up to the time of his death; and that the property held and controlled by E. K. Davies, in Maverick County, Texas, at the time of his death, or any part thereof, was the property so jointly contributed by the said Janet E. Thomson and E. K. Davis, or the result of the investment of the money realized from such joint enterprise, then the jury will find a verdict for the plaintiffs for one-half of all the real and personal property, including money now in the possession of the defendant, Burke, as administrator, if any there be, which is shown by a preponderance of the evidence to be the property of such joint enterprise or the increase or gain thereof, or the result of an investment of the proceeds of such joint property, or moneys arising from the sales of any part thereof, if any, less the debts, if any, due on account of such joint enterprise, unless you find that Janet E. Thomson and the plaintiffs herein during the lifetime of E. K. Davies received more than their share of the net proceeds or profits arising from such joint enterprise, but if you find that during the lifetime of said E. K. Davies said Janet E. Thomson and plaintiffs, or either or all of them, together received more than their share of the net proceeds or profits arising from such joint enterprise, then such excess so received by them, if any, should be deducted by you from the amount they would otherwise be entitled to recover.

" '2. If you find that the business arrangement or joint enterprise hereinbefore referred to and claimed by plaintiffs to have been entered into, and to have existed by and between Janet E. Thomson, deceased, and the plaintiffs on the one part, and E. K. Davies, deceased, upon the other part, was in fact entered into and did in fact at one time exist as claimed by plaintiffs, yet if you further find that such business arrangement or joint enterprise was terminated or dissolved prior to the death of E. K. Davis, or that Janet E. Thomson during her liftetime, or that after her death the plaintiffs parted with their interest therein to said Davies by sale or otherwise, and received compensation therefor prior to the death of said E. K. Davies, then and in that event you will find for the defendants.

" '3. The burden of proof rests upon the plaintiffs, and the jury are the exclusive judges of the credibility of the witnesses, of the weight to be given to the testimony, and of the facts proved; but you are not the judges of the law. The rules of law applicable to the facts in evidence in this case are contained in the written charges given you by the court, and it is your duty to be governed thereby.'

"Verdict.—'We, the jury, find judgment for the plaintiff in the sum of fourteen thousand dollars ($14,000 $^{00}/_{100}$).'

"Judgment.—'On this 30th day of April, 1898, this cause being regularly reached for trial and coming on to be heard, came all of the parties, plaintiff and defendant, and all parties announced ready for trial; and thereupon came a jury of good and lawful men, to wit, J. H. Haile and eleven others, who were duly selected, impaneled, and sworn in the manner prescribed by law, and who having heard the pleadings of the parties

respectively, the evidence and argument of counsel, and having been duly charged by the court, retired to consider of their verdict, and after a while returned into open court the following verdict, to wit: "We, the jury find judgment for the plaintiffs in the sum of fourteen thousand dollars ($14,000 $^{00}/_{100}$). Eagle Pass, Texas, April 30, 1898. J. H. Haile, Foreman;" which verdict is here now received by the court and entered upon the minutes of the court. It is therefore ordered, adjudged, and decreed by the court, that the plaintiffs Patrick W. Thomson, Walter Thomson, Mary Thomson, and Kenneth Thomson, do have and recover of and from the defendants, Petra Davies Zuniga, Francisco Zuniga, Margarita Davies, Mary Davies, and John J. Burke, administrator of the estate of Edward Knowles Davies, deceased, the said sum of fourteen thousand ($14,000) dollars, together with interest thereon at the rate of 6 per cent per annum from this date until paid, together with all costs in this behalf expended; all of which shall be paid by the said John J. Burke, administrator of the estate of said Edward Knowles Davies, deceased, in due course of administration. And it appearing to the court that the plaintiffs herein sue as the heirs at law of Janet E. Thomson, deceased, who died intestate, and that P. W. Thomson is the surviving husband, and the other three plaintiffs the surviving children, of said Janet E. Thomson, deceased, it is therefore ordered, adjudged, and decreed by the court that the amount of this judgment be recovered by and paid to the plaintiffs as follows : To P. W. Thomson one-third of this judgment, and to the duly qualified guardian of the estates of the other plaintiffs, Walter Thomson, Mary Thomson, and Kenneth Thomson, the other two-thirds of said judgment, they being minors.'

"The issues being as indicated in the charge, it is not deemed necessary to state them from the pleadings.

"Question.—Is the judgment a final judgment from which an appeal may be taken? The contention is that the verdict and judgment should have in terms made some disposition of the real estate."

In Rackley v. Fowlkes, 89 Texas, 613, Judge Denman, speaking for the court, says: "The proposition seems to be sound in principle and well supported by authority, that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause." The proposition there announced was directly involved in the decision of that case, and is decisive of the question certified. The judgment, in our opinion, should be construed to mean that the plaintiffs recover of the defendants the sum of $14,000 and costs, and that they are to take nothing more either in the property claimed or in money. We answer the question in the affirmative.

DENMAN, Associate Justice, did not sit in this case.