BOWLES v. BELT et al.

(Court of Civil Appeals of Texas. Amarillo. June 14, 1913. On Motion for Rehearing, Oct. 11, 1913.)

1. JUDGMENT (§ 788*) — LIEN — UNRECORDED DEED—NOTICE.

As between the holder of an unrecorded deed and a subsequent judgment creditor of the grantor, who has abstracted his judgment on the record of the county in which the land is situated, the burden is on the holder of the unrecorded conveyance to prove notice to the judgment creditor before or at the time of the registration of his judgment lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1368, 1369; Dec. Dig. § 788.*]

2. JUDGMENT (§ 788*)—TRANSCRIPT—FILING—UNRECORDED DEED—NOTICE.

Where the person in possession of land in controversy, as tenant of D., had no knowledge that D. had conveyed the land by an unrecorded deed reserving a vendor's lien to secure purchase-money notes transferred to another, at the time a creditor holding a judgment against D. abstracted the same on the record of the county in which the land was located, the tenant's possession was not notice to the judgment creditor of the transfer of the notes so as to subject the lien of the judgment to that of the lien notes.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1368, 1369; Dec. Dig. § 788.*]

3. NOTICE (§ 6*)—FACTS PUTTING ON INQUIRY.

Whatever is sufficient to put a subsequent purchaser or creditor on inquiry is sufficient to affect them with notice only of such facts as they might be presumed to have learned on reasonable inquiry.

[Ed. Note.—For other cases, see Notice, Cent. Dig. §§ 4–7; Dec. Dig. § 6.*]

4. JUDGMENT (§ 527*)—EFFECT—"FINAL JUDGMENT."

Where, in a prior action, defendant filed a counterclaim, and the court trying the cause without a jury found facts in favor of plaintiff, and that there had been no accounting between plaintiff and defendant of the proceeds due each, derived from the business referred to in

the cross-action, and that the question of damages, if any, as alleged by defendant, was not a part of the suit and would be a question to be determined in a suit between defendant and a certain corporation, wherefore the court found against defendant as to damages under the facts and pleadings in the cause, a judgment reciting that "all matters of fact" as well as of law having been submitted to the court, etc., it was of the opinion that the law was with the plaintiff and therefore adjudicated that plaintiff recover of defendant $702, etc., should be regarded as having finally determined the cross-action and was a final judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 970; Dec. Dig. § 527.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

5. JUDGMENT (§ 285*)—INDEX—INITIAL LETTERS.

Where an abstract of judgment was alphabetically indexed as provided by statute, so that any person on inspection could arrive at the names of plaintiff and defendant in alphabetical order, the initial and marginal letters placed on the record for convenience did not constitute a part of the index.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 561; Dec. Dig. § 285.*]

On Motion for Rehearing.

6. JUDGMENT (§ 788*)—LIEN—DEED—FAILURE TO RECORD—VENDOR'S LIEN.

The rule that an equitable vendor's lien, which attaches to real property by virtue of a sale thereof, will prevail against a judgment lien where notice of the unrecorded equitable lien has been given before sale does not apply to a contractual vendor's lien expressed and reserved in an unrecorded deed as against a judgment creditor of the grantor whose judgment is recorded before notice of the conveyance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1368, 1369; Dec. Dig. § 788.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action between Frank Bowles and O. C. Belt and others. From a judgment in favor of the latter, the former appeals. Reversed in part, and affirmed in part.

Bean & Klett, of Lubbock, for appellant. W. D. Benson and W. H. Bledsoe, both of Lubbock, for appellees.

HENDRICKS, J. This cause arose as follows: On May 18, 1910, J. J. Dillard was the owner of block 236, in the town of Lubbock, Lubbock county, Tex., and upon said date conveyed the same by deed to N. Frank Faulk, said deed having been recorded on June 18, 1910; as a part of the consideration for the conveyance of this land, Faulk executed and delivered to Dillard three promissory vendor lien notes for the sum of $800 each, and upon the same day of the execution and delivery of the deed (that is, May 18, 1910) J. J. Dillard sold and transferred, in writing, said vendor lien notes to O. C. Belt, which written transfer was filed for record June 16, 1910, in the Deed Records of Lubbock county, Tex.

On June 7, 1910, C. W. Holt recovered judgment against J. J. Dillard in the district court of Lubbock county, Tex., for the sum of $702, with 6 per cent. interest; and on June 11, 1910, an abstract of this judgment was filed, recorded, and indexed in the abstract of judgment records of said county. This judgment, in the case of Holt v. Dillard, was affirmed on appeal by the Court of Civil Appeals of the Second Supreme Judicial District at Ft. Worth. After the return of the mandate from said court, an execution was issued on November 3, 1911, and levied upon the block of land conveyed by Dillard to Faulk as the property of the judgment debtor, J. J. Dillard, and which was purchased at execution sale on —— 3, 1911, by Frank Bowles, the appellant herein, who received a sheriff's deed to said property. The cause was tried by the court without the assistance of a jury, who rendered judgment in favor of the appellee Belt upon his suit for foreclosure of said vendor lien notes; and the issue involved in this case is the question of priority and superiority of the said vendor lien notes as against the abstract of judgment lien recorded and indexed and under which the appellant Bowles deraigns title.

The district court found that C. W. Holt, who was the judgment creditor in the other cause, in which judgment was rendered against Dillard for the sum of $702, had notice, when he abstracted his judgment lien, of appellee Belt's vendor's lien for the reason that the property was then in possession of one Shackelford, who was holding as the tenant of Faulk, the vendee in the deed from Dillard; the vendor lien notes having been reserved in this particular deed.

[1] First. It is now the settled law of this state that the holder of a prior unrecorded deed from a debtor, against whom a judgment has been rendered, is required to prove notice of his right to the property to the judgment creditor at the time of or before the attaching of the judgment lien. There seems to be some uncertainty and confusion with reference to the burden of proof upon the question of notice as between the holder of an unrecorded conveyance and a subsequent judgment creditor who has abstracted his judgment upon the record of the county in which the land is situated; a seeming uncertainty only, for the reason that the Supreme Court, in the case of Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854, and Turner v. Cochran, 94 Tex. 480, 61 S. W. 923, definitely settled the proposition that the burden is upon the holder of the prior unrecorded conveyance to impute notice to the judgment creditor before or at the time of the registration of his judgment lien. See Johnnie Floyce Rule v. T. J. Richards, 159 S. W. 386, decided by this court May 17, 1913, not yet officially reported, in which Chief Justice Huff gives a brief summary of the conflict.

[2] Upon a consideration of the record in this cause, we hold that the testimony is insufficient to support the trial court's finding that the judgment creditor, C. W. Holt, had notice, when he fixed his judgment lien, of the vendor's lien held by appellee Belt. It is noted that the deed from Dillard to Faulk and the transfer of the vendor's lien notes from Dillard to appellee Belt, although executed before the abstract of the judgment was recorded, were not placed of record, however, until after the registration and indexing of said judgment against Dillard, and consequently some character of notice aliunde the record to the judgment creditor is necessarily required at the time the judgment lien is fixed in order to postpone the lien of the abstract of judgment to the vendor's lien owned by Belt. The holder of the vendor's lien attempts to do this by asserting that a party by the name of Shackelford, who was in possession of this property and the tenant of Dillard, at the time Dillard conveyed the land to Faulk, thereafter and before the abstracting of the judgment lien had attorned his tenancy to Faulk and was the latter's tenant at the time Holt abstracted his judgment; and, on account of the possession of the tenant, notice was imputed to Holt, the judgment creditor, of the deed and also the vendor's lien notes in the deed. Shackelford, who was the father-in-law of Dillard, began his occupancy of this property some six or seven years before the trial of this cause in 1912 and testifies that he knew nothing of the sale from Dillard to Faulk when it was made, and that the first time he heard of it was the first of the year 1912, and says, "As a matter of fact, I thought Dillard was the owner of it up to the time of this suit," which was filed October 12, 1911. It is true that the county clerk informed Shackelford that Mr. Dillard had conveyed the property and that the deed was of record. But upon this matter he said: "As to what I knew about some sort of lien on that place and when I first heard of it, I disremember. My first knowledge was: I think Mrs. Boyd was county clerk. She asked me if Dillard had sold the place and I told her I didn't know anything about it, and she said she thought there was a deed on record." The judgment having been abstracted as a judgment lien against Dillard prior to the time that the deed from Dillard to Faulk and the transfer of the vendor lien notes from Dillard to Belt were placed of record, the statement of Mrs. Boyd, the county clerk, necessarily gave the information to Shackelford, with reference to the conveyance, subsequently to the time that the judgment lien was abstracted; the statement was made after the deed was recorded, and the deed was recorded after the creditor's lien was filed.

Associate Justice Gaines of the Supreme Court, in Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 460, as to notice of this character, says: "That possession by a tenant is equivalent to the possession of his landlord as to the question of notice is the settled law of this court." Also see Glendenning v. Bell, 70 Tex. 633, 8 S. W. 324; Woodson v. Collins, 56 Tex. 175.

[3] Whatever is sufficient to put a subsequent purchaser or creditor upon inquiry is sufficient to affect them with notice of all those facts which they might be presumed to have learned upon reasonable inquiry. What facts would the lien creditor, prior to and at the time he abstracted his judgment lien, have learned in this instance in prosecuting an inquiry of Shackelford, who was in possession during said time? The response by Shackelford to an inquiry, not having the knowledge with reference to the conveyance from Dillard to Faulk, or of any sale of the land, would necessarily have been that he was holding the land for Dillard, the judgment debtor, and that so far as he knew Dillard was the owner of the property; Shackelford did not know of any outstanding unrecorded interest in any one to this land. Dillard testified: "Mr. Shackelford was on the property at the time I made the transfer and continued to reside there when I transferred the note to Belt, through Benson as his agent." Shackelford also stated that he "was simply holding possession of that property for whoever it belonged." These conclusions, however, are not sufficient to impair the cogency and conclusions of the testimony of Shackelford as to whom he was really holding the land for and as to the condition of his tenancy according to his knowledge as to the owner of the land at the time the abstract of judgment lien was fixed; and the record is devoid of any intimation that Shackelford at the time the deed was made by Dillard to Faulk, or subsequently thereto for that matter, made an attornment of his tenancy to Faulk, who, in so far as this record indicates, has never collected rent from Shackelford or paid any attention whatever to the property personally or by agent.

The evidence in this cause shows: That when Dillard conveyed the property to Faulk he negotiated the sale of the three vendor's lien notes to Belt, executed by Faulk; and that Belt at the time was represented by W. D. Benson, and before the transfer of the notes Benson made the inquiry of Dillard, For whom was Shackelford holding the land? That Dillard informed him (Benson) that Shackelford, the tenant, was holding the land for Faulk, and which seems to be insisted upon in this cause as a circumstance to prove notice to the judgment creditor upon the proposition of diligence and the duty of inquiry. Appellee does not cite authorities for this position, and we are unable to find any. Justice Williams said in the case of Paris Grocery Co. v. Burks, 101 Tex. 111, 105 S. W. 175, which involved a contest between an attaching creditor and the holder of an unrecorded conveyance; the language being referable to the duty of the creditor:

"He is not required to institute inquiries as to the existence of rights of which there is no evidence upon the records, unless there be some fact which he knows or should know sufficient to excite inquiry in the minds of prudent persons." It is settled in this state, in regard to matters affecting the title to land, that it is the policy of the law to require transactions involving lands or interests therein to be placed upon the public records and derive titles therefrom; and except when the question of notice, valuable consideration, and good faith are involved, and certain equitable titles not susceptible of registration, the record title controls. The leading case of Moran v. Wheeler, 87 Tex. 185, 27 S. W. 54, illuminates the principle—a case where a fraudulent release of vendor lien notes was of record at the time a mortgage was placed upon the land, and the innocent mortgagee, affected by the status of the record only, not having any knowledge of the outstanding vendor lien notes in the hands of a transferee, had a prior lien as against the vendor lien; the latter not having been transferred in writing and not of record. We believe the logic of the Moran-Wheeler Case and the case of Rogers v. Houston, 94 Tex. 403, 60 S. W. 870, also by the Supreme Court, is against the contention of appellee that the judgment creditor should have inquired of J. J. Dillard. If the creditor had gone to the record, he would have seen the title was in Dillard. In the latter case was involved conflicting interests in land and also the burden of proof, and the Supreme Court announced the principle directly that a party was not required to go further than the record to find out if a transfer of a vendor lien note had been made. We do not think in this cause because the evidence indicates that Dillard had told Benson, Belt's agent, that Shackelford was holding the land for Faulk, and that it could be reasoned that he would have told the judgment creditor the same thing, or would have informed him that he had conveyed the land if he had inquired, proves notice or imputed notice in this character of case. There is nothing shown in this record of any circumstance or fact, known by the judgment creditor, to excite inquiry by him that Dillard had sold the land, or that Dillard would inform him that Shackelford was holding the land for Faulk. If one dealing for land would not have to inquire if a vendor's lien note had been sold by the apparent holder of record of the note, when the record does not indicate it, we are unable to hold that Holt would have to inquire of Dillard if he had sold the land, or for whom Shackelford was holding the land, when the record is entirely consistent with Dillard's ownership of the land and without any suggestive circumstance, imputed to Holt, to make such an inquiry. We sustain appellant's assignment and propositions upon this matter.

[4] Second. The appellant assigns error to the action of the court in finding that the judgment in the cause of Holt v. Dillard (upon which the abstract of judgment lien is predicated) is not a final judgment. If not a final judgment, of course it is fundamental that the abstract of judgment lien fails, and we quote an appropriate part of the judgment in that cause necessary to the discussion of that question: "On this the 7th day of June, 1910, same being a regular term of this court, the above-entitled cause came on for trial, and came the plaintiff and the defendant, each in person and by attorneys, and announced ready for trial, and a jury being waived, and all *matters of fact* as well as of law being submitted to the court, and the court, having heard the evidence and argument of counsel, is of the opinion that the law is with the plaintiff. Wherefore it is ordered, adjudged, and decreed by the court that the plaintiff, C. W. Holt, do have and recover of and from the defendant, J. J. Dillard, the sum of $702, with interest thereon from date hereof at the rate of 6 per cent. per annum, and all costs of suit, for which plaintiff may have execution."

The plaintiff's petition in that cause (i. e., Holt v. Dillard) is not in the record of this cause, but we find from the conclusions of the judge, who tried that cause without a jury in evidence in this record that the plaintiff Holt and the defendant Dillard were officers of a corporation engaged in the abstract business, and who evidently were in control of the business of said corporation as the court found an agreement between Holt and Dillard that the proceeds derived from the abstract business of said corporation should be divided between them; he further found, however, that plaintiff Holt owned a set of abstract books for the purpose of making abstracts of lots in the town of Lubbock and the additions thereto; and he further declared in that cause that "the fees of the abstract of the Lubbock town lots should be individually the property of plaintiff," and also found an agreement to that effect, as well as another agreement that the fees of abstracts to lands, exclusive of the lots, should be the property of the corporation. Defendant Dillard pleaded a cross-action in that cause, alleging a written contract with reference to certain duties of plaintiff as to the abstract books of the corporation and a violation by plaintiff of the obligations in said contract, and further stated in said cross-action that, as to the abstracts of the town lots, he was entitled under the contract to the use of same for his private and professional work without charge, and that under said contract they were to divide the fees earned by the corporation, and that the fees for abstracts of the town lots were to belong to plaintiff, alleging a further breach of said contract with reference to the abstracts for the town lots by plaintiff, depriving him (Dillard) of the use of same, which allegations in said cross-action, germane to the question of the

finality of the judgment, are the only ones we think necessary to set out, although said pleading contains more extended averments. The trial court in that cause further found as follows: "The abstracts to the town lots were prepared by the plaintiff and the work amounted to the sum of $702"—which he found belonged to the plaintiff; and he further found: "That there has not been an accounting between plaintiff and defendant of the proceeds due each, derived from the business of the Western Abstract Company (the corporation), and that the question of damages, if any, as alleged by defendant in his cross-action, is not a part of this suit, and that same would be a question to be determined in a suit between defendant and the Western Abstract Company, and therefore find against the defendant as to damages under the facts and pleadings in this cause."

"One of the accepted definitions of a final judgment is that it is 'the awarding of the judicial consequences which the law attaches to facts.'" Land & Loan Co. v. Winter, 93 Tex. 563, 57 S. W. 41.

Of course it is essential to the finality of the judgment in the cause of Holt v. Dillard that the cross-action in that proceeding should have been disposed of. A study of the statute with reference to "counterclaim" indicates that set-off and reconvention and all other adversary actions by the defendant in the cause is comprehended whenever suit is brought for the "recovery of any debt due by judgment, bond, bill or otherwise * * * subject to such limitations as may be prescribed by law." Article 1327 of the Revised Civil Statutes of 1911, which has been the law for quite a number of years, recites that where, upon the trial of the issue, "if the defendant shall establish a demand against the plaintiff exceeding that established against him by the plaintiff, the court shall render judgment for the defendant for such excess"; and by article 1328 it is prescribed that the party in whose favor final judgment is rendered shall also recover his costs unless it should be made to appear on the trial that the counterclaim of the defendant was acquired after the commencement of the suit, in which event, if the plaintiff establishes a cause of action existing at the time of the commencement of the suit, the latter shall recover his costs. These are the only statutory prescriptions with reference to judgments upon issues of this character. Our statute prescribes that the trial judge shall, at the request of either of the parties, state in writing the conclusions of fact found by him separately from the conclusions of law, to be filed with the clerk and to constitute a part of the record of the cause; and, in all cases where the conclusions of fact found by the judge are separately stated, the "court shall render judgment thereon." (Emphasis is ours.) This was amended in 1907 (article 2075, Rev. Civ. Stat. 1911) by allowing the court ten days after adjournment of the term "at which a cause may be tried in such court in which to prepare his findings of fact and conclusions of law in cases tried before the court, when demand is made therefor." (Underscoring is ours.) This record does not indicate whether the conclusions of fact and law of the trial judge in the proceeding mentioned were filed during the term of court or after the same had expired. The obligation is imposed upon the trial judge to render judgment upon the conclusions of fact and law prior to the time of the amendment when the court filed said conclusions during term time, and the amendment giving the court ten days after the adjournment of the term in which to prepare his findings of fact and conclusions of law presupposes pre-existent conclusions of fact and of law upon which the judgment had been rendered, but the preparation of which may be deferred in accordance with the extension of time after the adjournment of court granted by the Legislature, an embodiment of matters in writing which the trial judge had found preliminary to the pronouncement of his judgment and upon which the same was based. If there was a recitation in this judgment distinctly finding an equivalent conclusion, which we discern from the conclusions found by the trial judge in a separate instrument, as to his declarations against the cross-action, we think it would be indisputable that the judgment in this cause would be a final one; if that be true, an analysis of this record with reference to which (the conclusions of fact of the trial judge) we are able to look to as a part of the record we think becomes just as much a part of the judgment in this cause as if there had been a specific recitation and finding contained in the judgment itself; and we believe this would be true whether you construe the finding of the trial judge one of fact or law. The judgment says, "All matters of fact, as well as of law, were submitted to the court;" and that the court had heard the evidence, which, taken in connection with the findings of fact, thoroughly indicate that the court did dispose of the cross-action in that cause, and the pronouncement of the judgment of $702 in favor of the plaintiff against the defendant, with the costs of suit clearly to our minds, upon the record, is a declaration of the court disposing of the matter.

We have a line of authorities which state where the finding of a jury, under the issues submitted to them, could not have been arrived at without finding another fact not expressed but necessarily included in the verdict, judgment will be rendered as if that fact had been positively found, and the verdict in that kind of a case is a final verdict disposing of the issues involved. Pearce v. Bell, 21 Tex. 688. The case cited was an action for debt, foreclosure of mortgages, resulting in a general verdict of the jury in

favor of the plaintiff for a certain sum of money; and Chief Justice Roberts says: "By looking into the pleadings, then, it is manifest beyond a doubt that the jury passed upon the mortgages, as well as on the note, and must have equally found in favor of the plaintiff upon them as for his debt. The question of law is: Shall the verdict, deficient in not expressly finding one of the issues in the case, receive the benefit of the light thus reflected upon it by the pleadings, so as to supply by intendment, that which is not expressed in it but which necessarily follows from that which is expressed, viewed in connection with the pleadings?" 21 Tex. 691. The Supreme Court held in that case that judgment could be rendered foreclosing the lien in the mortgages on account of the pronouncement of the jury's verdict having been a disposition of that issue. There is another line of cases in this state, illustrated by Davies v. Thompson, 92 Tex. 393, 49 S. W. 215, where the plaintiff in a cause of action presents more than one cause of action for recovery, and the judgment awards him a recovery upon one but is silent as to the other, the judgment is prima facie an adjudication that plaintiff was not entitled to recover upon such other cause. The case cited, decided by Chief Justice Gaines, refers to the decision of Judge Denman, Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77, as a previous announcement of the same rule. In this record the judgment upon the face of it is clearly a final judgment and may only be questioned by referring to the record for the pleading of the defendant by injecting his cross-action as an element of disturbance in that respect. We are not deciding that those who deal with abstract of judgment liens are not required to go further than the face of the judgment for the purpose of ascertaining its finality in order to ascertain the vitality of the lien itself but merely suggest that in some instances it might propound an inexpedient policy to demand diligence of that character.

Without attempting a discussion of the numerous cases and drawing distinctions and discriminations with reference to interlocutory and final judgments and whether or not there is a conflict between the holding of this court and some other Court of Civil Appeals, we think, and so hold, that, as applied to the particular record in this cause, the judgment as disclosed here is final.

[5] Third. We do not agree with the appellee in this case in his contention with reference to improper indexing of the abstract of this judgment. The initial letters referred to by appellee as a part of the index we do not think constitute a part of the record of an abstract of judgment or of the index to same, and the marginal letters could be nothing more than a convenience attached by the clerk to the index itself for the purpose of more readily finding the name of the plaintiff and the defendant. The index here seems to have been alphabetically arranged under the statute, and any person, who upon inspection arrived at the names of the plaintiff and the defendant, found a proper index, we think, properly arranged in substantial compliance with the statute. We think appellee is insisting upon an index which the statute does not prescribe. Our conclusions necessarily require a reversal and partial rendition of this cause.

Judgment having been rendered by the trial court in favor of the appellant, Bowles, against the defendants, J. J. Dillard, N. Frank Faulk, W. G. Naion, Geo. L. Beatty, and J. R. Shackelford, upon his cross-action, it is ordered by this court that the judgment to that extent be affirmed, and further ordered that the appellant, Frank Bowles, do have and recover of the appellee O. C. Belt the land in controversy herein upon his cross-action, and that said appellee pay all the costs of this appeal.

On Motion for Rehearing.

The appellee, in his motion for rehearing, upon the question of priority of liens involved in this case, insists that we have overruled the holding of the Supreme Court of the state in the case of Senter v. Lambeth, 59 Tex. 260.

[6] The higher court held in that case that the equitable vendor's lien which attaches to realty by virtue of the sale itself, contradistinguished from a contractual lien, would prevail against a judgment lien where notice of the unrecorded equitable lien was given before the sale. The Supreme Court, in the course of that opinion, said; "The evidence of the vendor's lien in this case was not recorded nor was it in the form in which it existed (being the lien springing by operation of law out of the transaction between the parties) susceptible of registration." The other cases cited by appellee in reality, upon a careful reading of the facts, announced the same principle which, with reference to equitable interests in lands not susceptible of registration, has been the settled law of this state for many decades. This doctrine is not contravened by us; this is a contractual vendor's lien expressed and reserved in the deed and recognized in the notes, and which character of lien is regarded, especially with reference to the assignment of same, in the nature of a mortgage, susceptible of registration, with the same penalty resultant from a lack of registration as of other legal interests, when, as to an opposition claimant of a legal interest or lien, notice or a valuable consideration is not shown to exist. It is not to be overlooked, and the original opinion in this case was intended to be equally bottomed on that fact, that the deed from Dillard to Faulk, through which Belt claims his vendor's lien, although executed, was not recorded until after the registration of the abstract

of judgment; Faulk could not have prevailed with his title, being the vendee of Dillard, without imputing notice to the judgment lien holder at the time the latter abstracted his judgment; and, if the holder of the unrecorded title would be cut off, why not the holder of an unrecorded express lien, dependent upon said title, when it also is neither recorded nor notice of same imputed to the creditor when the latter's lien was fixed? It was the duty of Belt to see that this deed, by virtue of which he held the vendor's lien, was upon the record or that the opposition claimant, when he recorded his judgment, had notice of the Faulk deed or of the vendor's lien in order to eliminate Bowles, the holder of said judgment. The legal literature of appellee, the earnestness and ability of counsel, and the luxuriance of authorities presented on rehearing, which we think inapplicable upon the particular point, impel us to a reiteration of what we deem to be a plain principle of law.

The appellee again vigorously insists we have overruled numerous decisions of the Courts of Civil Appeals, and some decisions announced by the Supreme Court, upon the question of the finality of a judgment on account of the lack of a literal and express recitation finding against a cross-action injected into that case and which became necessary to be reviewed in this record. Every decision cited by appellee involving an affirmative, adverse action was reviewed by us, although not mentioned in our original opinion; and we believe we are not in conflict, even with the spirit of the principles announced by the Supreme Court, and we thought then and believe now that an attempted systematic analysis of the conceptions of the higher court, expressed and implied in these holdings, would be impracticable; and that an indulgence of legal dialectics with an almost interminable review of the numerous Court of Civil Appeals decisions, upon the matter of final judgments, would be equally useless and unavailable.

We insist that the particular judgment reviewed herein, with the particular record, giving an exposition of the meaning of said judgment, has never been passed upon by any Court of Civil Appeals, and a review of this record strengthens, rather than diminishes, our convictions on this subject, and the motion for rehearing is overruled.